HOBSON v. DOE, on the Demise of HARPER, on Appeal.

A PARTY is not permitted to prove what one of his witnesses swore to on a former trial of the cause, until he has proved that the witness is dead (1).

(1) "What a witness, since dead, has sworn on a trial between the same parties, may be given in evidence either from the judge's notes, or from notes that have been taken by any other person, who will swear to their accuracy, or it may be proved by any person, who will swear from his memory to its having been given. Per *Mansfield* C. J., *Mayor of Doncaster* v. *Day*, 3 Taunt. 262.—*Strutt* v. *Bovingdon*, 5 Esp. 56. The witness must be prepared to prove the very words of the former witness. *Ennis* v. *Donisthorne*, 1 Phill. Ev. 200.—4 T. R. 290."—Roscoe on Ev. 58. See also to the same effect, *Melvin* v. *Whiting*, 7 Pick. 79. It is held in *Virginia*, that it is not necessary to prove the *very words* of the deceased witness, but that it is sufficient to prove the *substance* of his evidence. *Caton* v. *Lenox*, 5 Rand, 31. The cases cited in the last-named case, not mentioned above, are *Buckworth's case*, T. Raym. 170.—*Pyke* v. *Crouch*, 1 Ld. Raym. 730.—*Coker* v. *Farewell*, 2 P. Wms. 563.— *White* v. *Kibling*, 11 Johns. R. 128.—*Miles* v. *O'Hara*, 4 Binn. 108.