71 U.S. 220
 18 L.Ed. 343
 4 Wall. 220
 RUTHERFORD
v.
GEDDES.
 December Term, 1866
 
 APPEAL from a decree in admiralty rendered by the Circuit Court for the Eastern District of Louisiana.
 The appellant, Rutherford, was, in 1850, the owner of the steam propeller Stanton, and had put her in charge of the towboat Diana, which was to tow her to sea from New Orleans. The Diana proceeded down the Mississippi with her tow, the Stanton, and on the 23d of January a collision took place between the Diana and the steamship Ohio, coming up the river. The Stanton was struck and sunk, and the Diana greatly injured.
 Immediately afterwards, Rutherford, as owner of the Stanton, and the Independent Towboat Company, as owner of the Diana, brought suit in the District Court for the Eastern District of Louisiana, against the Ohio, to recover damages, but in both failed to recover.
 At a later date, to wit, in 1854, Rugherford instituted suit in the same court against the Towboat Company, asserting that the collision had been caused by the mismanagement of the towboat.
 When the case was at issue, the libellant offered as his principal testimony the depositions taken on behalf of the Ohio, in 1850, in the two suits of the libellant, Rutherford, and the Towboat Company against the Ohio; the testimony by the weight of which the District Court decided the two cases in favor of the Ohio. The testimony was objected to by the present respondents, on the ground that they 'were not parties to the suit between the libellant Rutherford and the Ohio, and that the libellant herein was not a party to the suit between the Towboat Company and the Ohio.' The testimony was received by the District Court. On appeal to the Circuit Court it was rejected; and there not being otherwise, as that court thought, any sufficient evidence of fault on the part of the Diana, the libel was dismissed.
 The only question of law considered on review in this court was whether the depositions originally taken, in 1850, on behalf of the Ohio, to show that the collision was attributable to the bad management of the towboat, was properly excluded in the present suit.
 It was not shown that effort had been made to procure the attendance or direct testimony of the witnesses, or that they were either dead or absent.
 The court below said: 'Depositions taken in one cause may sometimes be used as evidence in another, but it is only under special and particular circumstances. In every case such evidence is regarded as secondary evidence, and its introduction must be preceded by proof to show that the primary evidence could not be procured. It is a general rule that evidence which a witness has given on a trial between parties, is admissible upon the same subject-matter between the same parties on a subsequent trial, if the witness has died in the interim; or if he has gone abroad and has not returned. It is in general essential that the party to be affected by the evidence of depositions, or some person in privity with him, should have had an opportunity of cross-examining the witnesses with reference to the subject-matter. The rule of the common law is, that no evidence shall be admitted but what is or might be under the examination of both parties.[1]
 'It is to be observed that no evidence was given to show that any of these witnesses were dead, or that there was any impediment to their examination in this case. In the case of Rutherford v. The Ohio, the defendants were not parties, and had no power to examine in that particular case; and in the case of the Towboat Company v. The Ohio, the libellant was no party, and the defendants, though interested in that suit as members of the company, yet were so in a different character from that in which they are parties here.
 'But the rule is well established that the cause in which the depositions were taken, must be between the same parties or persons, claiming in privity with them, to authorize their admission in another suit; and that the right to use them must be reciprocal, or neither can claim it. It cannot be asserted that the depositions in the case of the Towboat Company against the Ohio may be used against the libellant in this cause. In Goodenough v. Alway,[2] Sir John Leach refused an order to allow depositions in a suit for tithes to be read in a tithe suit against other occupiers of land in the same parish, though the objects of both suits, and the interests of the parties were the same. In Cazenxve v. Vaughan,[3] Lord Ellenborough said: 'The rule of the common law is, that no evidence shall be admitted but what is or might be under the examination of both parties.' This precise question arose in the case of Rushworth v. The Countess of Pembroke,[4] where the defendant sought to introduce the depositions taken in a cause to which she was not a party. The court was of opinion—'That the former depositions could not be used, because the countess was not a party to that suit; and as they could not be read against her, no more could they be read for her; and because she was not bound by them, not having been a party to the suit; nor was she in a capacity of examining any witness in it, or preferring interrogatories in it; for that reason, also, she could not make use of the depositions of any that had been witness to it.' The American cases go to the length of those that I have cited: Harrington v. Harrington, 2 Howard's Missouri, 701; Boudereau v. Montgomery, 4 Washington, 186; Heth v. Young, 11 B. Monroe, 278; Sheridan v. Smith, 2 Hill's N. Y. 538.
 'In the case last cited testimony delivered in another cause by a witness called by one of the parties, and when that party was present and expressed no dissent to the statements, was held to be inadmissible. My conclusion is, that all the depositions taken in the cases before mentioned, and used as evidence in this by the libellant against the objections of the defendants, were improperly admitted, and that the exception of the defendants was well taken.'
 The case was submitted by Mr. Reverdy Johnson, for the appellant Rutherford, and by Mr. Janin, contra.
 Mr. Justice MILLER delivered the opinion of the court.
 
 
 1
 On the trial of this case in the District Court the libellant procured a decree in his favor mainly upon testimony found in certain depositions offered by him. To the admission of these depositions in evidence, the defendants objected, and when the objection was overruled they carried the case by appeal to the Circuit Court.
 
 
 2
 The Circuit Court excluded the depositions, and if the action of that court was correct in this respect, there can be no doubt that its decree dismissing the libel was the necessary result of the case as it stood on the remaining testimony.
 
 
 3
 The depositions relied on by appellant were properly ruled out, for the reason that they were taken without notice to defendants, in another suit to which defendants were not parties, and in which they had no right or opportunity to cross-examine the witnesses. Nor were defendants in any manner privies to either party in the former suit, in which the depositions had been taken. This alone, it is well settled, is a sufficient reason for their exclusion.
 
 
 4
 But when, to this consideration, it is added, that no reason is shown why the witnesses were not introduced in person, it is quite clear that the Circuit Court was right in rejecting the depositions.
 
 
 5
 The decree of the Circuit Court dismissing the libel is, therefore,
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 2 Phillips on Evidence, 88.
 
 
 [2]
 2 Simons & Stuart, 481.
 
 
 [3]
 1 Maull & Selwyn, 4.
 
 
 [4]
 Hardres, 472.