WILLIAM STEWART, IMPLEADED, ETC. v. THE FIRST NATIONAL BANK OF PORT HURON.

*Testimony of absent witness.*

Stenographer's minutes of the the testimony given upon a former trial by a party who has since left the jurisdiction, are admissible; and if the effect of such evidence is so confined ·as to affect only the liability of the party who gave it, a joint party cannot complain of its admission.

Error to St. Clair. Submitted April 7. Decided April 14.

ASSUMPSIT. Defendant Stewart brings error.

*Whipple & Voorheis* for plaintiff in error. Testimony given by a party is not admissible on new trial as against a joint party, *Kellogg v. Secord* 42 Mich. 318.

*Elliott G. Stevenson* and *O'Brien J. Atkinson* for defendant in error.

MARSTON, C. J. This case was before this court at the January term, 1879, and was then reversed and a new trial ordered, because the court charged that the defendants were liable as makers, and there was no evidence of notice of dishonor to charge them as indorsers. *Stewart v. First National Bank* 40 Mich. 349. The facts are substantially the same in the present as on the former hearing, with the omitted proofs to charge the defendant as an indorser, supplied.

We are of opinion that every question fairly arising in the case was submitted to the jury under proper instructions and in accordance with the opinion of this court in the case when here before. There most clearly was evidence tending to show a ratification by this defendant of the discharge of his co-indorsers.

An objection was taken to the ruling of the court in admitting the stenographer's minutes of the testimony

43 MICH.—33.

of Wallace Ames as given on the former trial of this cause. In this there was no error. It was conceded that the witness was at this time beyond the jurisdiction of the court. This would bring the ruling within *Howard v. Patrick* 38 Mich. 795. Farther than this, counsel in offering the same, did so "for the sole purpose, and for no other than to establish Mr. Ames' liability upon the notes in suit;" and the court in charging the jury in like manner confined its effect to Mr. Ames, and that it should not affect Mr. Stewart. The evidence was clearly admissible as against the defendant Ames, and under the offer and purpose for which it was received and used, this party has no right to complain.

The judgment must be affirmed with costs.

The other Justices concurred.