Rooker v. Parsley.

No. 7670.

ROOKER v. PARSLEY.

|   |   |
|---|---|
| 72 | 497 |
| 127 | 25 |

|   |   |
|---|---|
| 72 | 497 |
| 158 | 175 |
| 158 | 177 |
| 158 | 182 |

|   |   |
|---|---|
| 72 | 497 |
| 170 | 510 |

NEW TRIAL.—*Supreme Court.*—*Practice.*—The general rule is, that the Supreme Court will not review the action of the trial court in granting a new trial. It is only where it is plainly apparent that substantial injustice has been done, that such action of the trial court will be disturbed.

EVIDENCE.—*Proof of Statements of Deceased Witness.*—It is competent to prove statements made by a deceased witness upon a former trial; and *prima facie* evidence of the death of such witness is a sufficient basis on which to introduce proof of such statements in a subsequent trial.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig*, for appellant.

ELLIOTT, J.—This case was twice tried. The appellant prevailed upon the first trial, and the court granted the appellee a new trial. Upon this ruling is based one of the assignments of error.

The general rule is, that appellate courts will not review the action of a trial court in granting a new trial. It is only where it is made to appear, and that very clearly and plainly, that substantial injustice was certainly done, that the ruling will be disturbed. A party asking the reversal of a cause, upon the ground that a new trial was erroneously awarded, must present an unusually strong case. This is not such a case as will authorize an interference by an appellate court.

The appellee succeeded upon the second trial. Appellant moved for a new trial; his motion was denied, and this appeal brings the question of the correctness of that ruling before the court.

Appellant offered to prove, during the progress of the trial, statements made by James L. Beck, who had testified as a witness upon the former trial. The statements of which appellant made offer of proof were made by Beck in the course of his testimony. The court refused to permit

the evidence offered to be introduced, and, as the counsel for appellee has not furnished us with a brief, we can have only such information of the grounds upon which the court based its rulings as we are able to glean from the record itself. As we gather it from the objection stated by appellee, the proffered evidence was excluded upon the ground that it was hearsay. The appellant proved by two witnesses that they had attended a funeral; that they were sent to do the undertaker's work at the interment of a man named James L. Beck, that they placed a dead man in a hearse, and conveyed him to the grave, and that the man whose funeral they had attended was by those acquainted with him in his lifetime said to be James L. Beck, but that they, the witnesses, had never known him. These witnesses also described the personal appearance of the dead man; described also the town and house wherein he had lived and from which he was buried. After these witnesses had testified, appellant offered himself as a witness, and his counsel proposed to prove by him that Beck had for many years lived in the house described by the witnesses, and that no other man had lived there for several years. The court refused to permit the evidence to be given. Appellant also requested leave to make further offer, but this the court refused to allow him to do. The record recites, "The defendant by counsel desired to make a further offer, and the court refused to wait for the defendant's counsel to make any further offer on the ground that the offer had already been made." There is, in our opinion, sufficient evidence of the death of Beck to entitle the defendant to give evidence of his statements upon the former trial. The evidence made a *prima facie* case for the appellant upon the question as to the death of Beck, and that was all that was required. That it did not make a conclusive case was, as we must infer from the record, because the court wrongly denied the appellant the right to make the proof by his own testimony,

which he proposed to do. The court seems to have acted upon the theory that the question of Beck's death was entirely immaterial, and in this the court was plainly in error. Beck's death was material, because upon that question depended the right of appellant to give evidence of statements made by him upon the former trial. The court was altogether wrong in holding, as the record indicates it did hold, that the appellant had no right to prove what Beck had testified to upon the previous trial of the cause. It is well settled that it is competent to prove statements made by a deceased witness upon a former trial. Whart. Ev., sec. 177 ; 1 Greenl. Ev., sec. 164 ; *The Indianapolis, etc., R. R. Co.* v. *Stout*, 53 Ind. 143. For the error in excluding this evidence the judgment must be reversed.

The judgment is reversed ; cause remanded with instructions to sustain appellant's motion for a new trial.