NANCY E. BRADLEY, as Administratrix, etc., Respondent, *v.* NELSON R. MIRICK, Appellant.

The defendant appeared herein by attorney ; issue was joined which was regularly brought on for trial on notice, and the defendant's attorney not appearing, the trial proceeded as upon default. B., the original plaintiff, was examined as a witness. The default was, on application of defendant, set aside and a new trial granted. Upon the second trial, the minutes of the testimony of B. given on the first trial, he having died in the mean time, were offered in evidence and rejected on the ground that defendant had no opportunity to cross-examine the witness. *Held* error ; that the evidence was competent, both at common law and under the Code of Civil Procedure (§ 830) ; and that as defendant had the power to appear and cross-examine his failure so to do was a waiver of that privilege.

*Bradley* v. *Mirick* (25 Hun, 272), reversed.

(Argued January 23, 1883 ; decided February 6, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made October 28, 1881, which affirmed an order of Special Term granting a new trial herein. (Reported below, 25 Hun, 272.)

· . This action was brought originally by Benjamin J. Bradley, the present plaintiff's intestate, to recover the value of a quantity of oil, alleged to have been delivered by him to defendant upon the promise of the latter to return a like quality and quantity.

Defendant appeared by attorney and issue was joined which was regularly noticed for trial by plaintiff at a Circuit. It was brought on for trial and defendant's attorney not appearing, the trial proceeded as on default. Plaintiff was sworn and examined as a witness and judgment was rendered in his favor. This default was subsequently opened on motion on the part of defendant, who was, as matter of favor, allowed to come in and defend, the judgment standing meanwhile as security. Before a second trial plaintiff died and the present plaintiff was substituted. On the second trial the minutes of the testimony of Bradley given on the first trial were offered in evidence for plaintiff, but were, upon objection, excluded, to which plaintiff's counsel duly excepted, and plaintiff was nonsuited.

Further facts are stated in the opinion.

*John H. Camp* for appellant. The court properly excluded the evidence of Mr. Bradley, which plaintiff asked to read from the stenographer's minutes given at the time judgment was taken herein by default, when defendant did not appear either in person or by attorney, and had no opportunity to crossexamine said Bradley. (1 Greenleaf, §§ 163–164, p. 239, note ; 1 Phillips on Evidence, 389–400 ; 4 Jacob's Fisher's Digest, 5069 ; 11 Johns. 128 ; 63 N. Y. 87 ; 43 id. 508 ; 1 Greenleaf, 234, § 163.) Testimony delivered in the presence of a party cannot be given against him as a tacit confession of the facts sworn to, though it be shown that he heard the testimony and expressed no dissent. (*Sheridan* v. *Small*, 2 Hill, 538.) The evidence of Bradley was properly excluded, the fact of the former trial not having been proved by record. (*Beals* v. *Guernsey*, 8 Johns. 464.)

*C. H. Roys* for respondent. The trial court erred in excluding the testimony of the plaintiff's intestate, which had been given upon a former trial of this action. (Code of Civil Procedure, § 830; *White* v. *Kibling,* 11 Johns. 128.) The defendant cannot have advantage or benefit on account of his own or his attorney's omission to cross-examine the witness. (*Forrest* v. *Kissam,* 7 Hill, 470; *Comins* v. *Hatfield,* 12 Hun, 375.)

RAPALLO, J. We think that the minutes of the testimony of Bradley, the original plaintiff, given on the first trial of this action, should have been received as evidence on the second trial, he having died in the mean time. This kind of evidence was admissible at common law, on the grounds that it was not subject to the objection of being extra-judicial or without oath, and also that the party affected by it had the power to cross-examine. (1 Phil. Ev. 389, 400.) The common-law rule (in its application to parties examined as witnesses) has been incorporated into the Code (Code of Civil Procedure, § 830), which provides, " where a party has died since the trial of an action, or the hearing upon the merits of a special proceeding, the testimony of the decedent, or of any person who is rendered incompetent by the provisions of the last section, taken or read in evidence at the former trial or hearing, may be given or read in evidence at a new trial or hearing by either party, subject to any other legal objection to the competency of the witness, or to any legal objection to his testimony or any question put to him."

In the present case the evidence was excluded on the grounds, as stated in the case, that the defendant did not cross-examine the witness on the former trial, and had no opportunity to do so. This we think was erroneous. The defendant had appeared by attorney in the action, issue had been joined therein, and this issue had been regularly brought on for trial at the Circuit on notice. The attorney for the defendant did not appear at the trial, and it proceeded as upon a default. No reason is shown why the defendant's attorney did not ap-

pear, and it certainly was in his power to appear and cross-examine the witness. His failure to do so was a waiver of that privilege. The witness was also subject to be cross-examined by the court, in the absence of the defendant and his attorney. It also appeared that the defendant was present in court during the trial, but did not come forward to take part in the proceedings. This fact was met by an offer to prove that he was an habitual drunkard, unable to transact business; but all this part of the case may be disregarded, and the fact of the defendant's presence in court treated as of no importance, because he had an attorney in the action, whose duty it was to represent him on the trial, and who could not, by absenting himself, deprive the plaintiff of any of his rights. The witness was examined on a regular trial of the action. He was subject to cross-examination by the defendant's attorney, if he chose to exercise that right, or, in his absence, by the court, if it saw reason to scrutinize the testimony of the witness. The evidence is, therefore, brought within the principle of the common-law rule. But furthermore, the provision of the Code (§ 830) is explicit that where a party has died since the trial of an action, the testimony of the decedent, taken or read in evidence at the former trial, may be given in evidence at a new trial, by either party, subject to certain objections, etc., and it imposes no condition that the witness shall have been cross-examined, but requires only that the testimony shall have been taken upon a trial. It assumes that on every trial the opposing party has the power to cross-examine. If he does not choose to appear and exercise this power, the consequences should fall on him and not on his adversary. To deal otherwise with the matter would operate unjustly in the present and all other cases. Here as matter of favor, the defendant, notwithstanding his failure to appear at the trial, was allowed by the court to come in and defend, on payment of costs. Before the case was tried again the witness died, and if the defendant's contention should prevail, the result would be that by means of the defendant's own *laches*, and of the indulgence extended to him by the court,

the plaintiff would lose the benefit of the testimony, which, as the defendant claims, is necessary to sustain the action.

The evidence on the part of the plaintiff was sufficient to establish *prima facie* that the defendant borrowed and received the merchandise in question, and did not return it. The sole ground upon which the nonsuit was ordered was that a demand of its return had not been proved. This proof would, it is claimed, have been supplied by the evidence which was rejected. The court at General Term held, and we think correctly, that the evidence should have been received, and awarded a new trial. The defendant has declined to avail himself of the opportunity to establish, on such new trial, any defense upon the merits, and has appealed from the order granting a new trial, giving the usual stipulation. Having chosen to rest his case upon this ground, we have no alternative but to affirm the order granting a new trial, and order judgment absolute against the defendant for the plaintiff's damages and costs.

All concur.

Order affirmed and judgment accordingly.