## OMAHA STREET RAILWAY COMPANY V. SAMUEL ELKINS.

FILED FEBRUARY 20, 1894. No. 5576.

Admissibility of Testimony Given at Former Trial. Where a witness is shown to be absent from the state, his testimony given at a former trial of the cause is admissible in evidence, if otherwise unobjectionable. RAGAN, C., dissenting.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*John L. Webster,* for plaintiff in error:

Where a witness is beyond the jurisdiction of the court, his testimony given at a former trial between the same parties, with reference to the same subject-matter, is admissible in evidence. (*City of Omaha v. Jensen,* 35 Neb., 68; *McGill v. Kauffman,* 4 S. & R. [Pa.], 316; *Carpenter v. Groff,* 5 S. & R. [Pa.], 162; *People v. Devine,* 46 Cal., 45; *Lowe v. State,* 86 Ala., 47; *Sneed v. State,* 47 Ark., 180; *Parker v. State,* 24 Tex. App., 61.)

*E. T. Farnsworth, contra.*

IRVINE, C.

On the trial of this case in the district court the defendant called to the stand the stenographic reporter, produced a transcript of the testimony of a witness given at a former trial of the same action, and offered to prove and introduce in evidence such testimony. The offer was objected to, as incompetent, irrelevant, and immaterial, because the witness might now testify differently, and because there was no authority for introducing the testimony of the witness given at a former trial. The objection was sustained and the evidence excluded. The defendant had asked for a continuance of the case upon a showing properly made that the witness had removed to another state and was out of the jurisdiction of the court. The motion had been overruled, and we think properly so, for want of sufficient showing of diligence on the part of the defendant. The exclusion of the witness' former testimony is assigned as error, and the question presented is, whether the testimony of a witness given upon a former trial of the same case is admissible in evidence simply upon a showing that the witness is out of the jurisdiction and beyond reach of the court's process. Since the trial of the case in the district court the question has been decided by this court, and such

35

testimony held .to be admissible. (*City of Omaha v. Jensen,* 35 Neb., 68.) The question in that case was complicated with collateral features to which the arguments chiefly directed the attention of the court. All that is there said upon the point is as follows: "Christensen is shown to have been absent from the state, and his testimony on a former trial, if otherwise unobjectionable, is admissible." While we think that decision is correct and adhere to it, the manner in which the question was there treated justifies us in now making a more thorough examination than was there demanded.

The authorities are all agreed that in the case of a deceased witness his testimony upon similar issues between the same parties is admissible, the test seeming to be whether the party against whom such testimony is offered had, at the former hearing, an opportunity to cross-examine upon the subject-matter in relation to which his testimony is sought to be proved. Greenleaf (1 Greenleaf, Evidence, sec. 163) and many other text-writers state that the rule is the same where the witness is out of the jurisdiction. The cases, however, are in conflict. The following cases are directly in favor of the admission of the evidence: *Magill v. Kauffman,* 4 S. & R. [Pa.], 317; *Howard v. Patrick,* 38 Mich., 795; *Sneed v. State,* 47 Ark., 180; *Lowe v. State,* 86 Ala., 47; *People v. Devine,* 46 Cal., 46.

The other side of the case is not without considerable support. *Gerhauser v. North British & Mercantile Ins. Co.,* 7 Nev., 174, is a well-reasoned case, holding that such testimony is not admissible, chiefly upon the ground that as a matter of policy any rule admitting testimony partaking of the nature of hearsay should not be extended further than necessity requires; but in that case the court gives other reasons sufficient in themselves to justify the exclusion of the evidence there offered. *Berney v. Mitchell,* 34 N. J. Law, 337, is also a case containing a careful discussion of the question, and practically the same conclusion is reached as by the Nevada court.

In *Wilder v. City of St. Paul,* 12 Minn., 116, such evidence was excluded, not because it was in its nature inadmissible, but because it should not be received until the party offering it has shown that he could not with due diligence have procured the attendance of the witness in person. In that case the showing was that the witness had departed from the state during the trial.

In *Hobson v. Doe,* 2 Blackf. [Ind.], 308, frequently cited in favor of excluding such evidence, the following is the whole report of the case: "A party is not permitted to prove what one of his witnesses swore to on a former trial of the cause until he has proved that the witness is dead." Such a report is of no value as a precedent, as it recites none of the facts, and the statement made does not even purport to be an opinion of the court.

Most of the cases excluding such evidence cite the case of *Wilbur v. Selden,* 6 Cow. [N. Y.], 162. But that case is also authority for holding that in no case can a witness' former testimony be admitted unless the witness by whom it is sought to make the proof is able to state the exact words of the absent witness. Such a rule would practically exclude such testimony in all cases. It was, indeed, once the doctrine of the English courts, but has since been everywhere overruled. Only two authorities are cited. Of these, *Lightner v. Wike,* 4 S. & R. [Pa.], 203, is not at all in point. It simply holds that the witness in that case had not shown himself competent to relate the testimony of the absent witness, and the New York court in citing that case was apparently oblivious of the fact that in *Magill v. Kauffman, supra,* in the same volume, the same eminent Chief Justice Tilghman had distinctly held that such testimony was admissible. The other case cited by the New York court is *Le Baron v. Crombie,* 14 Mass., 234, where the point decided was that the testimony of a witness upon a former trial could not be admitted where he had meantime become incompetent by a conviction of an

infamous crime, and even upon that point a careful and discriminating editor has added the note: "This decision is supported by no authority and is inconsistent with general principles."

In *Crary v. Sprague*, 12 Wend. [N. Y.], 41, the evidence upon a former trial had been produced by the defendant. Upon the second trial the plaintiff sought to prove that testimony, but the witness had such an interest in the event of the cause on the side of the plaintiff that under the law then in force he was incompetent.

In *Brogy v. Commonwealth*, 10 Gratt. [Va.], 722, the court recognized the admissibility of such evidence in a civil case, but it held it inadmissible in a criminal proceeding when offered by the defendant, upon the authority of *Finn v. Commonwealth*, 5 Rand. [Va.], 701, apparently overlooking the fact that the distinction between criminal and civil cases enforced in Finn's case grows out of the constitutional guaranty that a person accused of crime shall be confronted by the witnesses and that such distinction should not, therefore, be drawn where the testimony was offered by the defendant.

*Collins v. Commonwealth*, 12 Bush [Ky.], 271, was similar to the Virginia case. It recognized the admissibility of the evidence in civil cases, but held that it was not admissible in criminal.

In *Bergen v. People*, 17 Ill., 426, the evidence of an absent witness was excluded, the court citing a number of criminal cases, and also the New York, Massachusetts, and Indiana cases above referred to. No reference is made in the opinion to any distinction between civil and criminal cases. The evidence was offered by the state, and it was shown that the witness was beyond the jurisdiction by the procurement of the defendant. This case is out of line with all the authorities, for it seems elsewhere always conceded that whatever the rule may be under other circumstances, if the absence of the witness is due to the procurement of

the party against whom it is offered, his former testimony is admissible.

Upon a careful consideration we are convinced that the rule stated in *Omaha v. Jensen, supra,* is in accordance with the weight and the reason of the authorities. Only two of the cases cited as opposing the rule are entitled to weight. The others are based either upon distinctions not here presented, or are based upon untenable grounds.

The testimony sought to be introduced in this case appears in the bill of exceptions. It is unquestionably material and its exclusion was prejudicial. There are other assignments of error, but as the questions to which they relate are of such a character that they will probably not recur, it will be unnecessary to consider them.

REVERSED AND REMANDED.

RAGAN, C., dissenting.