## WABASH RAILROAD COMPANY v. MILLER.

[No. 3,358.    Filed June 21, 1901.]

APPELLATE COURT.—*Transfer of Cause to Supreme Court.—Evidence. —Testimony at Former Trial.*—Where the Appellate Court is unable to agree with a former ruling of the Supreme Court as to the admission of the testimony of a witness given at a former trial, the cause may be transferred to the Supreme Court under §1362 Burns 1894, with recommendation to modify the former ruling.

From Adams Circuit Court; *D. D. Heller,* Judge.

Action against the Wabash Railroad Company by Sebastian Miller. From a judgment in favor of plaintiff, defendant appeals. Transferred to the Supreme Court with recommendations to modify rule as to the admission of testimony of witness given at former trial.

*W. V. Stuart, E. P. Hammond, D. W. Simms, A. Zollars, C. H. Worden* and *F. E. Zollars,* for appellant.

*Henry Colerick,* for appellee.

Robinson, J.—This is the second appeal. *Wabash R. Co.* v. *Miller,* 18 Ind. App. 549. It is first argued that the court erred in admitting the evidence of Charles S. Breckenridge given at the first trial.

Before introducing the evidence of Mr. Breckenridge given at the former trial, Mr. Henry Colerick, one of the appellee's counsel, testified as follows: "Charles S. Breckenridge was a witness at the former trial; the evidence of the former trial was taken in shorthand by the official reporter of that court, Miss Ritter. Mr. Breckenridge for the last ten months or a year has been in the state of Texas, surveying a new railroad line in a sparsely settled portion of the state of Texas. After the setting of this case for trial, I made inquiry among the relatives and friends of Mr. Breckenridge for the purpose of reaching him by letter. He is a relative of my family. I was unable to obtain his postoffice address, because of its varied character, and for that reason was unable to locate him."

Upon cross-examination Mr. Colerick testified as follows: "Q. This case was set for trial on the 18th day of February, 1899, or the 1st day of March, 1899, wasn't it? A. I don't know exactly as to the first date, but I believe it was just as you say. Q. Prior to that you had made no inquiry? A. I had seen Mr. Breckenridge. I had talked with him some two or three months before that, as that is in answer to the question. I didn't know where he was. I knew he was in the state of Texas, but from the description of the work he was doing and the character of the land he was going

through, almost unbroken state of the country through which they were surveying the road, I didn't know the location. Q. Where was he when you saw him? A. In the city of Fort Wayne. Q. This case at that time was pending, was it not? A. This case was pending, but whether it was before the change of venue, or after, I can't tell you. Q. It was either the Allen Superior Court or the Adams Circuit Court? A. Yes, sir." Redirect examination: "I desire to add in connection, the admission, I had a subpœna issued as a mere matter of form for the witness and the sheriff returned it to this court with,—improper for me to say what he returned, but amounted to not found in his county." Recross-examination: Q. "You knew he was not in the county when that was issued did you not? A. I knew as well then as I knew at any time before within the last several months. I only had it issued as a mere matter of form expecting it to be returned not found, because I only had it issued a couple of days ago this week. And I desire to state that the issues joined in this case are the same identical issues that were joined at the time of the rendition of Mr. Breckenridge's evidence on the former trial, and I desire to add that the action then, when such evidence was rendered, was between the same identical parties that this case is between, and that it is the same identical case".

The objection made was that the evidence does not show the witness to be dead, but shows he is living, and that proper diligence is not shown to have been used to obtain his evidence. The objection was overruled and the court reporter, who reported the evidence on the former trial, then read the testimony of Breckenridge given at that trial.

The evidence of the witness was material, and went to the main issue in the case.

In *Hobson* v. *Doe*, 2 Blackf. 308, the court said: "A party is not permitted to prove what one of his witnesses swore to on a former trial of the cause, until he has proved that the witness is dead." The same rule seems to have been

approved in *Rooker* v. *Parsley,* 72 Ind. 497, and *Woollen* v. *Whitacre,* 91 Ind. 502.

The rule announced in the above cases is controlling in this court, but in so far as they hold that the evidence of a witness given upon a former trial can not be used on a subsequent trial unless the witness is dead, we think they should be modified. There can certainly be no reason for saying that the deposition of a witness taken in another jurisdiction is more satisfactory and reliable than the testimony of a witness taken by a stenographer in open court. We think the rule announced above is too narrow as it would exclude the evidence given at a former trial where the witness has since become insane or physically and mentally incapable of testifying, or is out of the jurisdiction. But, as we are precluded from making any modification of the rule, we are also precluded from determining the questions in this case under any modification that might be proper. What modification should be made and whether the question here presented would come within such modification, this court can not determine as long as this rule stands. We do not believe this case should be reversed under the rule that now obtains. Later adjudications, and it seems to us the better reasoning, are not in harmony with the restricted rule as thus declared. 1 Greenleaf on Ev. (16th ed.), §163; *Benson* v. *Shotwell,* 103 Cal. 163; *Atlanta, etc., R. Co.* v. *Gravitt,* 93 Ga. 369, 44 Am. St. 145; *Magill* v. *Kauffman,* 4 Serg. & Rawle 317, 8 Am. Dec. 713; *Stewart* v. *Bank,* 43 Mich. 257; *Reynolds* v. *Powers,* 96 Ky. 481; *McTighe* v. *Herman,* 42 Ark. 285; *Mims* v. *Sturdevant,* 36 Ala. 636; *Reynolds* v. *Rowley,* 2 La. Ann. 890; *Rico, etc., Co.* v. *Musgrave,* 14 Col. 79; *Omaha St. R. Co.* v. *Elkins,* 39 Neb. 480, 58 N. W. 164; *City of Ord* v. *Nash,* 50 Neb. 335, 69 N. W. 964; *Minneapolis Mill Co.* v. *Minneapolis, etc., R. Co.,* 51 Minn. 304, 53 N. W. 639; *Giberson* v. *Patterson Mills Co.,* 187 Pa. St. 513, 41 Atl. 525.

Finding ourselves unable to agree with the rule that now

obtains, and believing the same should be modified and given a broader application, it is ordered that this cause be transferred to the Supreme Court under the provisions of §1362 Burns 1894.

### DISSENTING OPINION.

HENLEY, J.—I cannot agree with the opinion transferring this cause to the Supreme Court. That court is asked, in effect, to overrule the cases of *Hobson* v. *Doe,* 2 Blackf. 308; *Rooker* v. *Parsley,* 72 Ind. 497, and *Woollen* v. *Whitacre,* 91 Ind. 502.

The rule announced by these cases is that a party is not permitted to prove what one of his witnesses swore to on a former trial of the cause, until he has proved that the witness is dead. This rule has been recognized and followed in this State since 1830. I believe that the rule should be changed, and made to apply, not only to deceased witnesses, but to all witnesses who for any reason have, since their evidence was given, been rendered incapable of testifying. But the case at bar presents no such question. The court is asked to hold that the testimony of a witness upon a former trial of the cause, who happens to be at the time of the trial beyond the jurisdiction of the trial court, can be read in evidence at a second or subsequent trial of the cause. It happened in this case that the witness, who was a resident of Allen county, was temporarily absent in the state of Texas,—was beyond the jurisdiction of the trial court. The rule contended for must necessarily be universal, and would apply, not only to witnesses who were in Texas, Maine, or Washington, but also to a witness who might be just over the State line in Ohio—a point which in this case would only be about fifteen miles from the place where the trial was had.

If a witness for one party is living, and not for any reason rendered incapable of testifying, the opposite party ought not to be bound by the testimony given by the witness upon a former trial. Upon a retrial, the cause may present new

issues, new facts may be developed, and the cross-examination of the absent witness in the light of the new issues and new facts may be of vital importance. I do not think that the rule prevailing in this State should be changed so that the mere showing that a witness upon a former trial was beyond the jurisdiction of the trial court will permit his evidence upon a former trial to be read upon the subsequent trial of the cause. The change would be wrong in principle, and would lead to innumerable abuses.

Wiley, J.—I concur in the dissenting opinion of Henley, J.