Before the STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of MERLE C. HILL, Widow, Respondent, on Behalf of Herself and Infant Daughter, for Compensation under the Workmen's Compensation Law, for the Death of WALTER B. HILL, *v.* ANCRAM PAPER MILLS, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, July 6, 1922.

**Workmen's Compensation Law — accidental injury — no causal relation between injury to head by icicle and epilepsy developing ten months later — evidence — evidence taken after death of claimant cannot be considered on disability claim — accidental death — testimony by employee given on hearing on disability claim admissible — causal relation shown between injury to head by icicle and death about sixteen months later following operation for fractured skull — when failure to give notice of death not prejudicial to employer.**

No causal relation was established between the injury to claimant on January twenty-fourth, caused by an icicle dropping on his head, and epilepsy which first asserted itself on November twenty-sixth following, where it appears that the claimant did not lose any time between the injury and the attack of epilepsy which was induced by a fractured skull; that it was not shown that the fracture of the skull was caused by the accident; that there was no testimony that the claimant had not received a blow on the head at or shortly prior to the time the epilepsy made its appearance. and that there was no evidence to show that epilepsy might develop ten months after the skull was fractured.

A disability award is personal to the injured employee; it cannot be made after his death, and, therefore, the disability award in this case cannot be sustained by evidence taken after claimant's death, showing a causal relation between the accident and the epilepsy.

The testimony of an employee on his disability claim is competent on the death claim based on the same injury and should be given the probative effect to which it was entitled on the disability claim.

The additional evidence at the hearings on the death claim showing the extent of the injury received by the employee; that he suffered no other serious injury between the date of the accident and the appearance of epilepsy, and that the epilepsy might have resulted from a fracture of the skull caused by the icicle, established a causal relation between the injury and the conditions ultimately resulting in death.

The employer was not prejudiced by failure to give notice of death within the statutory time, since it appears that the agents of the employer had full knowledge of the accident and the injury suffered by the employee, and that the employer knew of the disability claim and participated in the trial thereof, and received prompt knowledge of the death of the employee.

SEPARATE APPEALS by the defendants, Ancram Paper Mills and another, from decisions and awards of the State Industrial Commission and the State Industrial Board, made on the 14th day of February, 1921, and on the 13th day of April, 1921, respectively, and also from a decision and award of the State Industrial Board made on the 11th day of February, 1922.

*Clarence B. Tippett,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

Walter B. Hill was employed as a machinist by the Ancram Paper Mills. It is alleged that on January 24, 1920, he received an injury arising out of and in the course of his employment which for the first time disabled him on November 26, 1920, and which resulted in his death May 14, 1921. Disability awards were made to him before his death and an award for death benefits was made to his dependents after his death. All the evidence and proceedings have been embodied in one record. It is necessary, however, to consider separately the disability awards and the award for death benefits.

On February 14, 1921, Mr. Hill testified before the State Industrial Commission that on January 24, 1920, he went out of a building to get some oil and that an icicle that hung on the building fell and hit him on the head. He described the icicle as being " about as big as a man's body " and says that it cut his head but to what extent he did not state. There is no statement as to the distance which the icicle fell nor as to the severity of the blow nor that it felled him to the ground nor left any contusion or mark other than the cut on his head. He did not testify to any ill effects either at the time of the accident nor for ten months thereafter. It did not interrupt his work nor did he give his employer notice of injury nor make any claim for the same. He related the incident to his superintendent and assistant superintendent but when asked

if he told them there was an accident answered: " No, I don't know as I did. I told him there was an icicle fell down and hit me on the head. I didn't think much of it at the time." He left the employ of the Ancram Paper Company on February 9, 1920, but says: " I wasn't out at all on account of this accident." He almost immediately went to work for another employer. In reference to the accident he testified, " I never lost a day," meaning until November 26, 1920, ten months after the accident. On the day last mentioned he experienced a spasm which was succeeded by others and thereafter he was unable to work. On January 5, 1921, he had an operation on his skull, as he stated, " to remove the pressure." Solely on the foregoing testimony given by the claimant the award of February 14, 1921, was made covering the period from November 26, 1920, the date of disability, to February 11, 1921.

On April 13, 1921, another hearing was had when Dr. Dingman testified that he operated on the claimant for a fractured skull; that there was a scar on top of the head and a fracture below the scar; that a portion of the skull was pressing on the motor area of the brain; that the malady from which the claimant was suffering was Jacksonian epilepsy which was relieved by the operation but that the operation was followed by paralysis. He gave no description of the extent or apparent age of either the scar or the fracture. On this testimony the second award of April 13, 1921, was made covering the period from February 11, 1921, to April 15, 1921.

In my opinion no causal relation was established between the injury on January twenty-fourth and the malady which first asserted itself on November 26, 1920. Although the icicle as described by the claimant was sufficiently large to kill him if it had fallen a sufficient distance it may not have fallen more than an inch as far as the evidence discloses. He may very easily have received after the icicle incident many injuries more serious than that as described by himself. He regarded it as a mere incident and as a matter of no importance. There was no effort on the part of the physician to connect the fractured skull with the fall of the icicle. Claimant himself did not testify that he had not received a blow on the head at or shortly prior to the time the epilepsy made its appearance. He testified to no symptoms nor premonitions nor any unusual or unnatural feelings which might be deemed to herald the approach of epilepsy. Very significant is the fact that the physician failed to testify that the claimant might have fractured his skull in such a way as to cause it to press on the brain for a period of ten months without any noticeable effect on the claimant or realization on his part of anything wrong and that then suddenly

and without warning frequent spasms of epilepsy should develop. There is no evidence that such a result could follow and without competent medical testimony to that effect I think we are not at liberty to indulge in such an inference. The gap between alleged cause and effect is too wide to be spanned without appropriate evidence. The burden of proof was on the claimant and no presumption is permissible to supply a missing link in the chain of evidence. A disability award is personal to the injured employee. It cannot be made after his death. (*Matter of Terry* v. *General Electric Company*, 232 N. Y. 120.) It is, therefore, impossible to bolster up these awards by evidence taken after the claimant's death and as to them the claim must be dismissed.

The award on the death claim rests on a surer foundation. The testimony taken on the disability claim was received in evidence on the death claim. Objection was made but not on the ground that the testimony was incorrect or unauthenticated. The appellants at the hearings on the disability claim had and exercised the right of cross-examination. Independently of any statute the former testimony of the deceased employee was competent at common law. (*Bradley* v. *Mirick*, 91 N. Y. 293; 2 Wigm. Ev. [1904 ed.] §§ 1387, 1388.) It should, therefore, be given the probative effect to which it was entitled on the disability claim. Unsupplemented by other testimony as we have seen it is insufficient. In addition, however, at the hearings on the death claim the superintendent and assistant superintendent of the employer testified that Mr. Hill shortly after the accident showed them his head and that they saw contusions and blood thereon. His wife testified that she at different times washed his head where it was injured and endeavored to cleanse it. It is also a fair inference from her testimony that he had no other serious injury prior to his convulsions on November twenty-sixth. Other physicians not called as witnesses on the disability claim testified in effect that the condition which developed on November 26, 1920, might have resulted from a fractured skull occasioned by the fall of the icicle on the preceding January twenty-fourth. There is also evidence of a fractured skull independently of the testimony of Dr. Dingman given on the disability claim and who did not testify on the death claim. Thus the deficiency in the evidence which existed in respect to the disability claim was supplied in respect to the death claim.

Notice of death was not given within the statutory time and it is seriously urged that this omission was improperly excused. The reasons stated in the findings for such excuse are not beyond criticism but the criticism is that more substantial reasons might have been given than were given for the conclusion that the appellants were

not prejudiced. The agents of the employer had all the knowledge which the employee possessed in regard to the accident and his injury. The appellants had full knowledge of the disability claim and participated in the trial thereof. They also had prompt knowledge of the death of the employee. They knew that as disability awards had been made a death claim would also undoubtedly be made. It is clear beyond peradventure that they have not been prejudiced by the failure to give the statutory notice. (See Workmen's Compensation Law, § 18, as amd. by Laws of 1918, chap. 634.)

The disability awards should be reversed and as to them the claim dismissed, without costs, and the award for death benefits should be affirmed, without costs.

All concur.

Disability awards reversed and as to them claim dismissed, without costs, and award for death benefits affirmed, without costs.