New Jersey Department of Labor,
Workmen's Compensation Bureau.

WILLIAM LIEBERMAN, PETITIONER, v. HARRY WARMAN,
RESPONDENT.

Decided May 22, 1941.

For the petitioner, *David Roskein.*

For the respondent, *McCarter, English & Egner (Verling C. Enteman,* of counsel).

A petition to re-open a previous judgment in the above entitled matter, was filed by the petitioner pursuant to *R. S.* 34:15-27 for the purpose of increasing the award for his disability which he alleged has increased since the previous adjudication.

\*    \*    \*    \*    \*    \*    \*

It appears that on October 31st, 1934, a judgment was entered in favor of the petitioner and against the respondent, wherein it was found and determined that the petitioner on August 26th, 1933, sustained an accident arising out of and in the course of his employment with the respondent, and that the petitioner's wages were $30 a week.

It was further determined that the petitioner sustained, as a result of said accident, injuries to his back which entitled him to compensation for temporary disability for a period of 15 weeks, from August 26th, 1933, to December 9th, 1933,

and permanent disability to the extent of 3% of partial permanent total disability, entitling him to compensation for 15 weeks at the rate of $20 a week. At that time, Dr. Isidore Haskell appeared as a medical witness for the petitioner and Dr. Irving Vanderhoff appeared as a medical witness for the respondent.

Subsequent thereto, a formal petition was filed praying for additional compensation resulting from an increase in the petitioner's disability. This application came on for hearing on September 23d, 1935, at which time the testimony of Dr. Isidore Haskell and Dr. Irving Vanderhoff was taken. As a result of the said hearing, Deputy Commissioner John J. Stahl entered an award wherein he found, *inter alia,* that since the prior determination the petitioner had sustained an increase in disability to his back, which increase in disability was caused by the accident of August 26th, 1933. The deputy commissioner found that the petitioner's disability was equivalent to 8% of total, and directed the respondent to pay the same, together with costs.

Within the statutory period, a third and subsequent petition was filed, praying for additional compensation for the petitioner due to further increase in his disability. Testimony on behalf of the parties was adduced before me.

The sole question for determination was whether or not the petitioner's disability has in fact increased since the last adjudication.

Dr. Samuel B. Greenwood who took X-rays of petitioner's spine testified that the plates revealed a scoliosis in the dorsal lumbar region with a convexity to the right, together with a lipping of the lower angle of the ilium at the right sacro-iliac joint. They further indicated that the lumbar sacral joint was narrow on October 26th, 1939. Re-examination on October 16th, 1940, by Dr. Greenwood does ont indicate that any change in the bony structure demonstrable by X-ray has taken place in the interval.

The testimony of the petitioner reveals that he was under treatment by Dr. Haskell and Dr. Avidan since the prior adjudication, having received his last treatment by Dr. Avidan early in 1940.

It is significant to note that Dr. Haskell and Dr. Vanderhoff, the two original examining physicians had died in the *interim*.

In order to ascertain if there has been an increase in petitioner's disability proofs of petitioner's former condition are necessary. *Cirillo* v. *United Engineers and Constructors, Inc.,* 121 *N. J. L.* 511; 3 *Atl. Rep.* (*2d*) 596. In the Cirillo case the court stated: "The use of the word 'increase' or of the word 'decrease' connates two states of physical condition, one which was and one which is, and there must be knowledge of each state in order to support a conclusion that the present condition marks an increase or a decrease. When once the degree of disability from which a workman suffers at a named time has been judicially determined, then in fairness both to the employer and to the employe the question of increase or decrease in disability must be predicated upon the conditions as it was at the hearing out of which the determination emanated."

The medical witnesses who testified at the present trial were not the original examining physicians. The facts of petitioner's condition at the prior hearing were not within the personal knowledge of these witnesses. In order to determine whether or not there has been an increase in disability those prior findings must be made known to them. Again, in the Cirillo case, *supra,* it was stated: "To make such testimony competent for that purpose the witness should at least be informed from his own 'knowledge, made manifest, or from proofs *aliunde* incorporated into a question what the workman's condition was at the time when the court rated it at a fixed partial permanent disability."

The findings of the deceased medical witnesses at the prior hearing were incorporated into hypothetical questions put to the medical witnesses at the present trial. It is elementary that where a trial has been had and witnesses testified and opportunity for cross-examination was afforded the parties, and where said witnesses have since deceased, their testimony is admissible in a subsequent proceeding involving the same parties and subject-matter. *Berney* v. *Mitchell,* 34 *N. J. L.* 339.

I therefore felt that the physicians for both the petitioner and respondent may allude and refer as a basis for comparison, to the condition of the petitioner as it existed at the time of the prior adjudication and base their opinion as to the character and extent of the change in the disabiilty on the testimony adduced at that time. This was done.

\*       \*       \*       \*       \*       \*       \*

In order to establish and obtain an amended compensation allowance for an increase or decrease in disability, the burden is on him who asserts the change. *Pasquale* v. *Clyde Pure Dye Works*, 120 *N. J. L.* 557; 1 *Atl. Rep.* (*2d*) 45; *Tucker* v. *Frank J. Bellramo, Inc.*, 117 *N. J. L.* 72, 80; 186 *Atl. Rep.* 821; *affirmed*, 118 *N. J. L.* 301; 192 *Atl. Rep.* 62; *Rotino* v. *J. P. Scanlon, Inc.*, 15 *Atl. Rep.* (*2d*) 336.

I find that petitioner has sustained the burden placed upon him by law in proving an increase in disability.

The respondent in order to avoid liability must ascribe the increase to a cause other than that alleged by the petitioner. The burden of proving such is on the respondent. *Atchison* v. *Colgate*, 102 *N. J. L.* 425; 131 *Atl. Rep.* 921; *Murowisky* v. *Pyrene Manufacturing Co.*, 17 *N. J. Mis. R.* 390; 9 *Atl. Rep.* (*2d*) 683. I feel that the respondent has completely failed to sustain the burden placed upon it, there having been no corroboration in any degree either by testimony of others on laboratory tests of respondents contentions.

\*       \*       \*       \*       \*       \*       \*

HARRY S. MEDINETS,
*Deputy Commissioner.*