## MID–CITY BANK & TRUST CO. v. READING CO.

### Civ. No. 1938.

**District Court, D. New Jersey.**

Feb. 2, 1944.

John J. Corcoran, Jr., of Jersey City, N. J. (William Paul Allen and Harold L. Schwartz, both of New York City, of counsel), for plaintiff.

Katzenbach, Gildea & Rudner and George Gildea, all of Trenton, N. J., for defendant.

FORMAN, District Judge.

John Kerry, deceased, brought an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, for damages for injuries sustained by him while in the employ of the defendant as a result of the alleged negligence of the defendant. Before his death his deposition was taken. The present plaintiff, executor of the estate of the deceased, was substituted in the action and the complaint amended. Two causes of action are set forth in the amended complaint, one, to recover damages for pain and suffering, medical expenses and loss of wages sustained by the deceased, and the other, on behalf of the surviving widow, to recover damages for his death.

The Federal Employers' Liability Act provides for liability in damages on the part of a carrier for injuries to its employees caused by its negligence. The pertinent portions of the Act are as follows:

"* * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C.A. § 51.

"Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury." 45 U.S.C.A. § 59.

At a pre-trial conference the question of the admissibility of the deposition arose. This question was submitted to the court for determination before trial. The defendant concedes that the deposition is admissible in the cause of action for pain and suffering, medical expenses and lost wages since there was a substitution of parties encompassed by Rule 26 of the Federal Rules of Civil Procedure,[1] but contends that the cause of action arising from the death of the deceased is a new and independent cause of action, the subject matter of which is not the same. The defendant argues that the parties to the action are different and that no privity exists between the widow and the deceased because the rights of the deceased did not pass to her as in the case of the executor.

The plaintiff concedes that two different causes of action are involved, but contends that they must be tried together and that only one recovery can be allowed. The plaintiff argues that the subject matter is the same in both actions and that the only additional proof necessary to establish the death claim is evidence that the injuries were the competent producing cause of the death.

The cases cited by the defendant support the proposition that testimony given in one action is not admissible in a subsequent action unless there is identity of issues and identity of parties.[2] The admissibility of such evidence as an exception to testimony objectionable as hearsay is permitted where the parties or their privies are substantially the same, provided that the former testimony was given under the sanction of an oath and was subject to the right of cross-examination by the adverse party.[3] It is acknowledged that the law has been stated so in several jurisdictions and the cases in the Federal courts cited by the defendant have been decided accordingly. However, these rules of law have not been generally accepted to the degree advanced by it, and it is the opinion of this court that they should not be applied to the particular facts in the case at bar.[4]

---

[1] "The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: 1, that the witness is dead; * * *

"Substitution of parties does not affect the right to use depositions previously taken; and, when an action in any court of the United States or of any state has been dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor." Rule 26(d) (3, 4), 28 U.S.C.A., following section 723c.

[2] Rumford Chemical Wks. v. Hygienic Chemical Co., 215 U.S. 156, 30 S.Ct. 45, 54 L.Ed. 137; Metropolitan St. R. Co. v. Gumby, 2 Cir., 99 F. 192; All v. All, D.C., 250 F. 120; United States v. Aluminum Co. of America, D.C., 1 F.R.D. 48; S. W. Anderson Co. v. Glenn, D.C., 43 F.Supp. 334.

[3] Cases cited footnote (2) in addition to the following, to mention a few: Rutherford v. Geddes, 4 Wall. 220, 18 L.Ed. 343; Tappan v. Beardsley, 10 Wall. 427, 19 L.Ed. 974; Boudereau v. Montgomery, 3 Fed.Cas. page 993, No. 1,694; Virginia & West Virginia Coal Co. v. Charles, D.C., 251 F. 83; Patton v. Pitts, 80 Ala. 373; Yale v. Comstock, 112 Mass. 267; Stewart v. First Nat. Bank, 43 Mich. 257, 5 N.W. 302; Merrill v. Bell, 6 Smedes & M., Miss., 730; Lieberman v. Warman, 20 A.2d 604, 19 N.J.Misc. 417; Bradley v. Mirick, 91 N.Y. 293; Jones v. Wood, 16 Pa. 25.

[4] See note 6, infra.

The rules of evidence were designed to obtain the truth. They are intended to exclude testimony that is unreliable, such as hearsay, and testimony that is false and dishonest. The safeguards set up to combat testimony of this character are the oath and the right of the adverse party to cross-examine the witness. The omission of either of these tests of testimony will usually render the testimony objectionable. With these reasons for the rules of evidence in mind let us inquire into the basis for the ruling that testimony or depositions given in a former action are not admissible in a later action, even though such testimony or depositions have been taken under oath and have been subject to the right of cross-examination by the adverse party, where the parties or the issues involved were not the same in both actions. The restrictions which have been set up to the effect that the later action must be substantially between the same parties or their privies and must involve the same issues as in the former action clearly reflect the reason behind them, i.e., if the interests of the parties were different or if the issues involved in the two actions were not identical, the right of the adverse party to cross-examine in the later suit would be impaired. There is little difficulty in understanding that different issues would impair the right of cross-examination. There is considerable difficulty in understanding how that right would necessarily be impaired in all circumstances where the parties involved were not identical. This difficulty has been generally recognized in the cases cited which have upheld the admissibility of such testimony where the parties in the two actions were not identical but were substantially the same. The existence of privity between the two parties is the test used by many courts to find substantial identity, but varied and conflicting interpretations as to what constitutes privity have been made.

In this conflict several courts have overlooked the requirement which is basic to the field of admissibility of evidence, namely, the right of the adverse party to cross-examine. Some courts attempt to define the term, "privity", for the purpose of its applicability to cases of this nature, by strictly construing the term to its use in the field of property law, as denoting mutual or successive relationships to the same rights of property.[5] Such a construction fails to give effect to the purpose of the rules of evidence. Other courts have discussed privity in terms of identity of interest.[6] It is this view that considers the practical reason behind the objectionable nature of testimony given during a former action and offered in a later action where the parties are not substantially identical. The interest of the parties in the litigation determines the method and manner of the cross-examination. The similarity of the interest of each of the parties is closely associated with the question as to whether the issues involved in each of the two actions are identical. But conceivably it is not necessary that mutual or successive relationships, such as privity in law, privity in blood, or privity in estate, exist in order that there may be an identity of interest satisfying the requirement of the rules of evidence as to the right of cross-examination by an adverse party. This view was supported by the late Professor Wigmore, 5 Wigmore, Evidence (3rd Ed. 1940), § 1388, in the following language:

"It is commonly said that the *parties* to the litigation in which the testimony was first given *must have been the same* as in the litigation in which it is now offered.

"But this limitation suffers in practice many modifications; and properly so, for it is not a strict and necessary deduction from the principle. At first sight, indeed, it seems fair enough to argue even that a person against whom former testimony is

---

[5] See cases cited supra, notes 2 and 3.

[6] Cooke v. Wilbanks, 223 Ala. 312, 135 So. 435, 83 A.L.R. 1441; George v. Davie, 201 Ark. 470, 145 S.W.2d 729; In re Durant, 80 Conn. 140, 67 A. 497, 10 Ann.Cas. 539; Dawson v. Smith, 3 Houst., Del., 335; Atlanta & W. P. R. R. v. Venable, 67 Ga. 697; Wade v. King, 19 Ill. 301; Lake Erie & W. R. Co. v. Huffman, 177 Ind. 126, 97 N.E. 434, Ann.Cas.1914C, 1272; North River Ins. Co. v. Walker, 161 Ky. 368, 170 S.W. 983; Payne v. Price, 16 B.Mon., Ky., 86; Young v. Reed, La.App., 1939, 192 So. 780; Cox v. Selover, 171 Minn. 216, 213 N.W. 902; Bartlett v. Kansas City Pub. Serv. Co., 1942, 349 Mo. 13, 160 S.W.2d 740, 142 A.L.R. 666; Lampe v. St. Louis Brewing Ass'n, 204 Mo.App. 373, 221 S.W. 447; Hartis v. Charlotte Electric R. Co., 162 N.C. 236, 78 S.E. 164, Ann. Cas.1915A, 811; Hill v. Ancram Paper Mills, 202 App.Div. 36, 195 N.Y.S. 522; Walkerton v. Erdman, 23 Can.S.C. 352, among others.

now offered should have to be satisfied with such cross-examination as any other person whatever, in another suit, may have chosen to employ. And it is entirely settled that in some such cases he must be satisfied, namely, in cases where the other person was a privy in interest with the present party. The reason for such cases is that there the interest to sift the testimony thoroughly was the same for the other person as for the present person. The principle, then, is that where the interest of the person was calculated to induce equally as thorough a testing by cross-examination, then the present opponent has had adequate protection for the same end. Thus, the requirement of identity of parties is after all only an incident or corollary of the requirement as to identity of issue.

"It ought, then, to be sufficient to inquire *whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has;* and the determination of this ought to be left entirely to the trial judge: (p. 95).

"* * * The application of this doctrine is usually thought to involve a resort to the technicalities of the substantive law determining privity in interest. It is, of course, often necessary to consider to some extent the rules of substantive law that may be pertinent to show the interest of the prior party; for example, where the prior opponent was the present opponent's intestate or grantor, one cannot determine that the interests are sufficiently the same without considering the law of Property. But it does not follow that the rules of Property should be resorted to as affording mechanically a solution of the question in Evidence. That question is merely whether a thorough and adequate cross-examination has been had. It is conceivable that, by an excessively strict application of the rule, only a prior cross-examination by the very same party, with the same counsel, might have been deemed sufficient (ante, § 1371). So pedantic a strictness could not be maintained; but such relaxation as is conceded must be made with a sole view to the substantial fulfillment of the principle involved, and not with a view to any extrinsic and unrelated rules. Whether the test of the Evidence-principle would or would not in a given instance lead to the same result as the Property-rule is immaterial. There is no necessary dependence of the former upon the latter. The latter should be kept in its place, and should be the servant, not the master, of the principle of Evidence. In spite of all this, there is an unfortunate judicial inclination to reverse the true relations of the rules, and to ignore the living principle of Evidence while resorting to the doctrines of substantive law to obtain a merely mechanical rule for solution." (Emphasis that of the author). (pp. 101, 102).

The deposition in question was given by the deceased in his action to recover damages for the same injuries on which the plaintiff now bases this action to recover for the death of the deceased on behalf of the surviving widow. The defendant is the same in both actions, as is the defendant's counsel. The deposition was taken under oath and the deceased was cross-examined by counsel for the defendant. The principal issue in the deceased's cause of action was whether the negligence of the defendant was the cause of the deceased's injuries and this same issue is the principal one in the establishment of the surviving widow's right to recovery here except that in this action the widow must further prove that the injuries sustained were the competent producing cause of the death. Proof that the injuries caused the death would be of no avail without proof that the negligence of the defendant caused the injuries. Since it is the testimony of the deceased that is being offered in evidence, it cannot possibly relate to his own death, for he was alive at the time he testified. The deposition is concerned with the deceased's account of what happened at the time and place of the accident and therefore is relevant and material to the main issue in the case. If the issue was different in any respect it would be subject to attack on the ground that there was not adequate cross-examination at the time the deposition was taken. If the deposition concerned itself with testimony collateral to or remote from the issue involved, it would be likewise objectionable. But none of these objections exists in this case; the substantive liability of the defendant is basically the same in both causes of action. The negligence which must be established here must necessarily be the same in the action for injuries based thereon, which was brought by the deceased as the injured party, and in the action brought by the executor on be-

half of the widow for the death of the deceased caused by those injuries. Consequently, the cross-examination must be the same in each cause of action. The interest of the surviving widow and the interest of the deceased for the recovery of damages are identical in that the issue involved in their respective causes of action is identical. It follows that the interest in, and the motive for, the cross-examination by the defendant in each cause of action is identical. It is conceded that the deceased and executor suing on behalf of the widow are different parties and that the latter does not derive its right to recover from the former, but the defendant's position in the cause of action brought by the deceased is identical to its position in the cause of action brought by the executor on behalf of the widow.

A deposition of the character here offered, asserted by the plaintiff to be the only proof available to it of the occurrence of the accident, is certainly essential evidence for the jury to analyze, consider and weigh, and to strike it out would expose it to the loss of its cause of action, although its opponent has had a full and adequate opportunity to cross-examine the deponent.

Under the provisions of the Federal Employers' Liability Act, cited above, the personal representative of the deceased, the plaintiff here, is entitled to bring an action for the benefit of the surviving widow for damages for his death and a further action against the defendant railroad for damages for the injuries suffered by the deceased. The right to sue for damages for the death of an injured employee is a separate right from the right to sue for damages for his injuries. The latter right survives to the personal representative of the injured employee under Section 59, supra, and the former right arises upon the death of the injured employee under Section 51, supra.

Privity between the deceased and his personal representative is established implicitly by the terms of the survivorship statute provided in Section 59, but under Section 51, when the employee dies of his injury, a new and independent cause of action is generated by that statute authorizing an action to be brought by his personal representative for the benefit of specified beneficiaries for damages for his death.

Only one recovery may be had for the same injury and only a single action may be brought by the personal representative. St. Louis, I M. & S. R. Co. v. Craft, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160; Northern Pac. R. Co. v. Maerkl, 9 Cir., 198 F. 1.

Congress was specific in expressing its intent that only one recovery may be had by the personal representative of the injured employee in a single action embracing both rights where death results from the injuries.

The defendant concedes that the deposition can be used in the cause of action brought by the plaintiff seeking damages for pain and suffering, medical expenses and loss of wages sustained by the deceased (under Section 59), for the present plaintiff was substituted as plaintiff in that action for the deceased within the scope of Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. However, there can be only one recovery for both causes of action before the same court and the same jury. Realistically speaking, in the trial of such an action before a jury, it would be extremely impractical to charge that the deposition introduced cannot be considered in arriving at a verdict on the cause of action for damages for the death of the injured employee, although it may be considered in determining the liability of the railroad in the cause of action for damages for the injuries sustained by the deceased, where the same alleged acts of negligence are the bases for both causes of action.

The theory of identity of interest, heretofore discussed, must be applied in determining the admission of this deposition, if only to give effect to the purpose of the Act and to the intent of Congress.

The deposition is admissible in evidence in the cause of action for damages resulting from the death of the deceased, John Kerry.