## CONINE *v.* MIZE.

4-3482

Opinion delivered April 16, 1934.

*S. M. Casey,* for appellants.
*J. J. McCaleb,* for appellee.

McHANEY, J. Appellee brought this action against appellants to cancel an alleged transfer of a certain wholesale grocery and feed business, which, it is alleged, belonged to the bankrupt, B. B. Conine, Jr., located in the city of Batesville and which in some manner was transferred by him to appellants, his father and sister. It was alleged the transfer was fraudulent and made with the intent to hinder, delay and defraud creditors of the bankrupt. Also that the conveyance was void in that the Bulk Sales Law had not been complied with. Appellants defended on the ground that the bankrupt was not and never had been the owner of said business, but that it was their property; that the bankrupt had not transferred it to them, as it had always been their property, except for a few dollars invested in it by the bankrupt, which had been repaid to him, and that he operated the business for them on a salary basis; that they had permitted him to operate the business for a time.in the name of B. B. Conine, Jr., Company, knowing that he was indebted in a considerable sum, but did not think such old indebtedness would involve said business until about June, 1933, when a judgment was taken against Conine, Jr.; that on the advice of counsel, and to save possible complications, they changed the name of said business to B. B. Conine, Sr., Company.

Just when Conine, Jr., was adjudicated a bankrupt is not shown, but in October and November, 1933, on hearings before the referee in bankruptcy to obtain authority for the trustee to bring this action, certain testimony was

taken and transcribed relating to the ownership of the bankrupt of the property here involved. On the trial of this case, this transcript of testimony taken before the referee was offered in evidence and excluded by the court, but a decree was entered awarding judgment against appellants in the sum of $2,500, or that they turn over goods and merchandise of that value to the trustee.

We agree with the trial court that the testimony taken before the referee was incompetent, no showing being made that the witnesses who there testified were not available as witnesses in this proceeding. Appellants were not parties to the hearing before the referee, had no opportunity to cross-examine the witnesses, and were not bound by such testimony. It has long been the rule in this State that testimony of a witness at a former trial between the same parties in the same case may be admitted if such witness is dead, or out of the jurisdiction without the procurement of the offering party, and if the address of the absent witness could not be obtained by reasonable diligence in time to take his deposition, provided the adverse party had an opportunity to cross-examine such witness when his original evidence was given. *Clinton* v. *Estes,* 20 Ark. 216; *Pine Bluff Co.* v. *Bobbitt,* 174 Ark. 41, 294 S. W. 1002. It will readily be seen that the offered testimony was not competent under the above rule.

The only evidence left in the case touching the ownership of the business is that of the bankrupt, Conine, Jr., and he testified that at first he put $115 in the business and that appellants put all the other money that was invested in it; that he withdrew all he had in it shortly thereafter, and that appellants at all times owned it; that it was for a time operated in his name, but, when it appeared that complications might arise because of his old indebtedness, the name was changed to B. B. Conine, Sr., & Company; that there was no sale or transfer of the business to appellants; and that it at all times belonged to them. This testimony was offered by appellee, and it is not contradicted by any other evidence. We are therefore of the opinion that the judgment of the court is with-

out evidence to support it. No fraudulent conveyance is established. Indeed no conveyance of any kind is established. The creditors complaining are all prior creditors and must prove fraud to prevail. We said in the recent case of *Stuttgart Rice Mill Co.* v. *Lockridge,* 185 Ark. 349, 47 S. W. (2d) 596: "Fraud is never presumed, but must be proved, and the burden of proving it is upon the party alleging it. It need not be shown by direct or positive evidence, but may be proved by circumstances. 'Slight circumstances or circumstances of an equivocal tendency, or circumstances of mere suspicion, leading to no certain results' are not sufficient evidence. 'They must not be, when taken together and aggregated, when interlinked and put in proper relation to each other, consistent with an honest intent. If they are, the proof of fraud is wanting.' They may be sufficient to excite suspicion, but suspicion is not the equivalent of proof. Circumstances necessary to prove fraud must be such as naturally, logically and clearly indicate its existence."

The burden of proving a fraudulent conveyance was on appellee. Not having met the burden, the decree of the trial court must be reversed, and the cause dismissed at the cost of appellee.