GEORGE *v.* DAVIE, EXECUTRIX.

4-6115                                          145 S. W. 2d 729

Opinion delivered December 2, 1940.

*Sam M. Wassell,* for appellant.

*William W. Shepherd, Charles W. Mehaffy, Harry Neelly* and *C. E. Yingling,* for appellee.

GRIFFIN SMITH, C. J. March 2, 1939, John L. George filed, in the White probate court, a petition directed to Mrs. Electa Davie as administratrix of the estate of George C. Davie, claiming the estate was indebted to him on a promissory note, the amount of which, with interest, was $9,187.22.[1]

The administratrix answered, denying any indebtedness. In effect the answer alleged in the alternative that the signature on the note was not that of George C. Davie, but was written by John L. George. There were pleas of the statute of limitation, laches, want of consideration, and that George had no funds with which to make a loan.

From the court's order denying the claim George has appealed.

Appellant's first contention is that the court erred in refusing to treat the note, *prima facie,* as evidence. Appellee (administratrix) denied having seen the note, but admitted she ordered appellant from her presence when he proposed showing certain papers. Later the

---

[1] It was alleged that the note was executed September 2, 1929, and was due five years after date with interest at 7 per cent. The petition contained this language: "A copy of said note is attached hereto as 'Exhibit A,' and the original is held for your inspection or for the inspection by the court. Affidavit to said claim accompanies copy of the note."

clerk of the probate court sent appellee the George claim, and she read it, but did not know whether a copy of the note was attached. In a letter to the clerk, Mrs. Davie acknowledged receipt of the "George papers."[2] At trial no copy of the note was with the claim, although physical evidence was that something had been attached. Appellant insisted that, since execution of the note had not been denied under oath before trial began, a *prima facie* case had been made out.[3]

It was not error to require appellant to identify the note. There is no affidavit in the record. Absence of an affidavit and absence of a copy of the note made it necessary, upon hearing, that the note be identified. Pope's Digest, §§ 101, 102, and 105; *Ryan* v. *Lennon*, 7 Ark. 78; *Carl-Lee* v. *Griffith*, 153 Ark. 74, 240 S. W. 15.

It is next contended that the probate court erred in admitting proof in respect of consideration. Since the decision below did not turn on this point, it will not be discussed.

The third assignment is that the court erred in admitting testimony of George C. Davie taken in the district court of the United States at Little Rock in the matter of George C. Davie, debtor. The proceeding was on petition of Davie under § 75 of the bankruptcy act, (USCA, Title 11, § 203) and the hearing at which Davie's testimony was taken was before the conciliation commissioner. George intervened for the purpose of showing the indebtedness alleged in this suit, and cross-examination of Davie was by the same attorney who represented appellant in the court from which this appeal comes.[4]

---

[2] Mrs. Davie wrote: "I received J. L. George's papers and mailed them to W. W. Shepherd, attorney, at Little Rock. George C. Davie stated on his deathbed he did not owe J. L. George anything and he does not owe him anything. I know he does not owe George one penny." The letter was introduced by appellant's attorney.

[3] Mr. Mehaffy, attorney for appellee, said: "I understand Mr. Shepherd never had possession of the file, and this is the first time I have ever seen it. I have never had a paper out of it. Neither has Mr. Yingling nor Mr. Neelly. . . . So we have no way of knowing what was filed."

[4] The fact that there was a hearing in federal court was brought into the record by appellant's attorney (transcript pages 28-29) who said: "George Davie went into bankruptcy a little over a year ago

We think the testimony was properly admitted. The issue before the conciliator was whether the note was, in fact, the obligation of Davie. While ordinarily testimony given by a party litigant at a former trial is hearsay, there are certain exceptions to the rule. One exception is that where death of the witness intervened, necessity makes the former record the best evidence.[5] Prof. Wigmore, in his work on Evidence, v. 5, § 1388, says that the requirement of identity of parties is, after all, only an incident or corollary of the requirement as to identity of issue. He says: "It ought, then, to be sufficient to inquire whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has; and the determination of this ought to be left entirely to the trial judge."

In *Todd v. Bradley, et al.*, (Supreme Court of Errors of Connecticut), 122 Atl. 68, the thirteenth headnote is: "On an examination before a referee as to the acts, conduct, or property of a bankrupt, under bankruptcy act 1898, § 21a (U. S. Comp. St., § 9605), the testimony of the bankrupt, like any other admission made by him, may be used in subsequent proceedings involving relevant matters."

The principle here involved was stated in *Conine v. Mize*, 189 Ark. 92, 70 S. W. 2d 845.

While Davie testified he did not owe the note in question, he was ill at the time; and the contention is that he was not capable of understanding and answering the questions. The nature of his responses strongly suggests that he was not entirely normal. On the other hand, the vigor with which he denied the note indicates that he thoroughly understood the question and its significance.

Appellant testified that he began accumulating money while working at $3.50 per day. This was in 1913, when he was fourteen years of age. He first loaned

and he filed a list of all his debts and assets. Can I get an agreement out of you gentlemen (referring to counsel for appellee) to that effect?" The court directed that the stipulation be noted.

[5] American Jurisprudence, Evidence, v. 20, § 686.

either $300 or $500 to Davie. By 1916 the loans aggregated $4,500. June 1, 1916, these sums were consolidated, unpaid interest was added, and the obligations were evidenced by Davie's note for $5,000, with interest at 10 per cent. Former advances had not been evidenced by notes. Appellant merely made memoranda from time to time.

In September, 1929, the amount then due, with interest, was found to be $9,186.22, after allowing certain credits.[6]

Although appellant claims to have deposited money in banks, and to have made substantial loans to other parties, no checks were introduced. He insisted that in 1916 when $2,400 was advanced to Davie, the loan was from cash carried in a money belt. There was the admission by appellant that he had been an habitual gambler, and that his income was augmented by winnings incidental to games of chance. He was convicted of carrying a pistol, and of second degree murder.

At various times while appellant was in trouble, Davie provided bond for him. It is conceded by appellant that he had business dealings with Davie and made payments to him—at one time $1,000—while the loans were outstanding, and that no effort was made to withhold such amounts for credit on the note. This is explained with the assertion that Davie was on his bond, and might have surrendered him if the money had been insisted upon.

In addition to the testimony of Davie in federal court that he did not make the note, his widow testified to familiarity with his business transactions, asserting her knowledge that no such obligation existed.[7] The widow's sister, Mrs. Robertson, contradicted appellant on material statements he had made. Mrs. Davie and Mrs. Robertson were appellant's aunts.

[6] Payments indorsed on the $5,000 note were: In 1920, $400; 1922, $300; 1923, $150; 1927, $1,400. A payment of $25 alleged to have been made in 1934 was indorsed on the $9,187.22 note.

[7] As an incident to Davie's testimony before the conciliator, the original note in question and samples of admitted handwriting by Davie were sent to F. B. I. experts at Washington. Their conclusion was that there was no indication of forgery.

The conduct of appellant in failing to sue on the note during the lifetime of the alleged maker; his acts in paying money to Davie while heavy obligations were claimed to have been due; the improbability that a four-teen-year-old boy had·saved large sums from wages of $3.50 a day and from the speculative sources appellant insists supplemented his income; the fact that no acknowledgments of the so-called early loans were taken; that all advances are asserted to have been made in cash and that banks and checks were avoided; the admitted status of appellant as a chronic domestic and journeyman gambler; his evasive answers on cross-examination—these matters were for the probate judge to consider in determining what weight should be given appellant's testimony and in comparing its value with other evidence. From many conflicting statements and records the trial judge sought to deduct the true relationship existing between Davie and George, and to correctly appraise transactions. To overthrow the judgment it would be necessary to find that it was contrary to a preponderance of the evidence. This we cannot do.

Affirmed.