BENNETT *v.* MILES, ADMINISTRATOR.

4-8317                                         205 S. W. 2d 451

Opinion delivered November 10, 1947.

*W. E. Phipps, Wm. J. Kirby* and *Talley & Talley,* for appellant.

*Guy Amsler,* for appellee.

McHANEY, Justice. Appellant is the grandson of the late George W. Bennett who died testate on October 5, 1945, a resident of North Little Rock, Arkansas. The will of the testator is not in the record, but it is conceded that it was probated and that appellee is the executor. Appellant appears to have contested the will on the grounds of the mental incapacity of the testator and the alleged undue influence of the chief beneficiary, one J. D. Scruggs, a brother-in-law. The will was held to be valid in that case, from which there was no appeal. But, because appellant was not mentioned or named in said will, the court held that he was entitled to take under § 14525 of Pope's Digest, the pretermitted child statute.

Appellee filed his annual account current in the probate court on November 6, 1946. Thereafter, appellant filed exceptions to various items in said account, but the only item we are here concerned with is a deposit in the Twin City Bank of North Little Rock, in the name of said J. D. Scruggs, on December 26, 1944, which was not in-

cluded as an asset of said estate by appellee in his said account current.

The matter was tried on January 27, 1947, and the court entered a judgment denying the exception on the ground that the $2,200 item was a gift from the testator to Scruggs, made during the lifetime of the decedent, and was not a part of the assets of his estate after his death. This appeal followed.

The undisputed facts are that on December 26, 1944, George W. Bennett delivered to J. D. Scruggs $2,200 in cash at a hospital in Little Rock, Arkansas, while he, Bennett, was a patient therein; that Scruggs deposited said sum in said bank to his own credit, but authorized and directed said bank to honor checks drawn on said account and signed "J. D. Scruggs by G. W. B. or G. B.", in other words Bennett had the right to draw all or any part of said deposit by signing checks in the name of Scruggs by himself; that prior to his death Bennett, by checks drawn in the manner stated, had reduced the balance in said bank to $1,700, and that Scruggs personally never drew a check against said bank account until after the death of Bennett, his first check being dated October 6, 1945, the day following Bennett's death. In a little black book kept by Bennett and given to Mrs. Church, a witness, for safekeeping, a reference to said deposit in his handwriting reads: "$2,200 deposited December 27th in Twin City Bank by J. D. Scruggs in favor of Geo. W. Bennett to be drawn by George W. Bennett at any time he wants money on J. D. Scruggs account." In a letter to Bennett dated January 1, 1945, at Cuero, Texas, Scruggs said in part: "I only (as you required) put your money in a bank in my name, which I assure you I will not check against, but you have full authority to check against . . . " In another letter dated January 21, 1945, Scruggs said: "On January 2nd I deposited $2,200 of your money in my name . . . "

Scruggs now contends, as does the appellee, that Bennett made a gift to him of this $2,200 and the court so found and held. In so holding we think the learned trial court fell into error. Gifts *inter vivos,* as well as

*causa mortis,* to be effective as such, must be established by clear and convincing evidence and the elements essential to their validity must be proven as a whole by such evidence. In *Stifft* v. *W. B. Worthen Co.,* 176 Ark. 585, 3 S. W. 2d 316, we said: "The elements necessary to constitute a valid gift *inter vivos* were stated by this court in *Lowe* v. *Hart,* 93 Ark. 548, 125 S. W. 1030, to the effect that the donor must be of sound mind, must actually deliver property to the donee, must intend to pass the title immediately, and the donee must accept the gift."

In the more recent case of *Baugh* v. *Howze,* 211 Ark. 222, 199 S. W. 2d 940, we said: "To constitute a valid gift *inter vivos,* certain essential elements must be present, these include actual delivery of the subject-matter of the gift to the donee or to some one as agent or trustee for the donee, with a clear intent to make an immediate present and final gift beyond recall, and at the same time unconditionally releasing all future dominion and control by the donor over the property so delivered."

Applying these well-settled rules of law to the facts before us, we conclude that two of these essential elements necessary to a valid gift are absent in that Bennett did not give the money to Scruggs with the intention at the time of passing the title thereto to him and Scruggs did not accept the gift as his own, but only as agent for Bennett, or as a trustee, and, therefore, there was no valid gift *inter vivos.*

Appellee contends that, because the order of the court states that the court based its findings in part on the testimony heard in the will contest case, as shown by its judgment, and that the testimony in the will contest is not in the record now before us, we should indulge the conclusive presumption that such omitted testimony sustains the court's findings. Such is the usual rule. Here, however, in response to appellant's motion, the court ordered appellee to name the witnesses who gave relevant testimony in the will contest and to set out the sub-

stance of their testimony on which the court relied. In partial compliance with such order, appellee named himself and Scruggs, but did not set out the substance of their former testimony, presumably because both of them testified in this case and their testimony is in the record. Having failed to comply fully with the court's order to set out the substance of the former relevant testimony, appellee is in no position to invoke the rule. The evidence of witnesses named in this case was the best evidence. *Conine* v. *Mize,* 189 Ark. 92, 70 S. W. 2d 845; *George* v. *Davie,* 201 Ark. 470, 145 S. W. 2d 729.

The judgment is, therefore, reversed and the cause remanded with directions to sustain the exception and to direct the appellee to charge himself therewith when and if he is able to collect same from Scruggs by the exercise of reasonable diligence by suit or otherwise.