Mary C. JONES *v.* Arland ROBINSON, et al.

88-312                                             764 S.W.2d 610

Supreme Court of Arkansas
Opinion delivered February 13, 1989
[Rehearing denied March 13, 1989.*]

*Purtle and Glaze, JJ., would grant rehearing.

*Bill F. Jennings*, for appellant.

*Ronnie A. Phillips* and *Thomas E. Sparks*, for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Mary C. Jones, filed a petition seeking a declaration of her right of survivorship in a checking account. Appellees asserted their rights to the funds in the account as beneficiaries and representatives of an estate. The trial court held that appellant had failed to establish that the account was held jointly with right of survivorship. The appeal is here on certification from the Court of Appeals. We affirm.

On October 2, 1973, Avis Lindsey and her husband, Claude, opened a joint checking account with right of survivorship. On October 19, 1974, Claude Lindsey died and Avis Lindsey became the sole owner of the account. On December 11, 1974, Avis Lindsey and her niece, appellant Mary Jones, went to the bank. Avis Lindsey had her niece sign the same account card which she and her husband had signed on October 2, 1973. Appellant signed on the same line on which Claude Lindsey had signed; however, Avis Lindsey did not sign the card again. Her earlier executed signature remained on the card, and no other changes were made. The account card clearly designates that it establishes a joint account with right of survivorship.

On January 22, 1979, Avis Lindsey executed her will. Paragraph thirteen (13) of the will provides that after the payment of debts, expenses, and specific bequests of $1,000 to Stoney Point Cemetery and $200 to Shiloah Cemetery, two of the appellees in this case, the balance of funds in her checking account was to go to her great-niece, appellee Robin Garner. The checking account named in the will is the same account for which appellant Jones signed the account card.

The question presented is whether the actions taken by appellant and the decedent were sufficient to establish a joint checking account with right of survivorship. The answer is that they were not.

Ark. Stat. Ann. § 67-552 (Repl. 1980) was in effect at the time the account was originally established in 1973, and also

when appellant Jones's name was added in 1974. Consequently, it governs the outcome of this case. *See Martin* v. *First Security Bank*, 279 Ark. 273, 651 S.W.2d 70 (1983). That statute provides in pertinent part:

> 67-552. *Accounts and certificates of deposit in two or more names.* — Checking accounts . . . may be opened . . . by any banking institution with the names of two (2) or more persons, either minor or adult, or a combination of minor and adult, and such checking accounts, . . . may be held:
>
> (a) If the person opening such account, . . . designates in writing to the banking institution that the account or the certificate of deposit is to be held in "joint tenancy" or in "joint tenancy with right of survivorship," or that the account shall be payable to the survivor or survivors of the persons named in such account or certificate of deposit, then such account . . . and all additions thereto shall be the property of such persons as joint tenants with right of survivorship. . . . The opening of the account . . . in such form shall be conclusive evidence in any action or proceeding to which either the association or surviving party or parties is a party, of the intention of all of the parties to the account . . . to vest title to such account . . . and the additions thereto in such survivor or survivors.

We have often held that there must be substantial compliance with the designation in writing requirement of the statute in order to create a joint tenancy with right of survivorship. *Cook* v. *Bevill*, 246 Ark. 805, 440 S.W.2d 570 (1969).

■ When Claude Lindsey died, Avis Lindsey became the sole owner of the account. In order for her to create a new joint tenancy with someone else, it would have been necessary for her to demonstrate that intention in compliance with § 67-552. Even though the account card clearly states that it establishes a joint account with right of survivorship, the only person who signed the card on December 11, 1974 was appellant Jones. The decedent, Avis Lindsey, did not. Her signature was essential at that time in order to create the new joint tenancy relationship. As we have said many times, a survivorship deposit is closely akin to a will. Requiring all of the formalities associated with the execution of a

will is necessary to safeguard the will's validity. Consequently, it is also necessary that there be substantial compliance with the requirements of Ark. Stat. Ann. § 67-552 (Repl. 1980) in order to safeguard the validity of survivorship accounts that were established while it was in effect.

Appellant cites the case of *Penn* v. *Penn*, 284 Ark. 562, 683 S.W.2d 930 (1985) in support of her position that it was not necessary for Avis Lindsey to re-sign the account card, nor for her to sign a new card in establishing the joint tenancy. *Penn*, however, is distinguishable from the facts of the instant case. In *Penn*, the issue before this Court was whether there was a sufficient designation in writing to comply with Ark. Stat. Ann. § 67-1838 (Repl. 1980) so that certificates of deposit belonged to the survivor, rather than to the estate of the decedent. Ark. Stat. Ann. § 67-1838 (Repl. 1980) contained a "designate in writing" requirement almost identical to that in Ark. Stat. Ann. § 67-552 (Repl. 1980). Guthrie Penn had purchased two (2) $30,000 CD's from a savings and loan association. The CD's were issued to Guthrie Penn or Patricia Penn, his daughter-in-law, and they both signed a signature card relative to each CD stating that the account was held in joint tenancy with right of survivorship. As the CD's matured, Patricia Penn would surrender the old CD's. New CD's would be issued to Guthrie Penn or Patricia Penn to replace the matured CD's. No new signature cards were signed. The existing signature cards were simply altered with a white substance obliterating the old numbers and dates with new numbers and dates typed in. Gutherie Penn did not come to the savings and loan office on the occasions when the CD's were surrendered and reissued. We held there was substantial compliance with the designation in writing requirement.

The distinguishing feature of *Penn* is that both parties signed the account card at the time the tenancy relationship was established. That relationship never changed even though the CD's matured and were surrendered and replaced through the years. In the instant case, the decedent signed the card at the time a joint tenancy relationship was established with Claude Lindsey; however, that joint tenancy relationship ended with his death. She never signed the card to establish a joint tenancy with appellant. Consequently, the designation in writing requirement of Ark. Stat. Ann. § 67-552 (Repl. 1980) was not met.

■ Although there was testimony that the decedent, Avis Lindsey, had intended for the funds in the checking account to go to appellant when she died, there was not substantial compliance with the statutory requirements to effectuate that intention. Accordingly, the funds in the checking account became a part of Avis Lindsey's estate and must pass in accordance with the terms of her will.

Affirmed.

HICKMAN, PURTLE, and GLAZE, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. In my opinion the case of *Penn v. Penn*, 284 Ark. 562, 683 S.W.2d 930 (1985), clearly governs the case at bar. The majority opinion attempts to distinguish these two cases. It is a distinction without a difference. I would either follow *Penn* or overrule it.

TOM GLAZE, Justice, dissenting. The majority decision so clearly conflicts with Ark. Stat. Ann. § 67-552 (Repl. 1980) that, in writing my dissenting view, I find it unnecessary to do little more than to refer to that statute's pertinent language which reads as follows:

> (a) If the person opening such (checking) account, . . . designates in writing to the banking institution that the account . . . is to be held in "joint tenancy" or in "joint tenancy with right of survivorship", or that the account shall be payable to the survivor or survivors of the persons named in such account . . . then such account . . . and all additions thereto shall be the property of such persons as joint tenants with right of survivorship . . . . *The opening of the account* . . . in such form *shall be conclusive* evidence in any action or proceeding to which either the association or surviving party or parties is a party *of the intention of all* of the *parties to the account . . . to vest title to such account* . . . and the additions thereto *in such survivor or survivors*. . . . (Emphasis added.)

In accordance with the foregoing law, Avis Lindsey and her husband, Claude, first opened the joint checking and survivorship account in issue here on October 2, 1973. In doing so they signed the following card:

JOINT ACCOUNT

NAME

Mrs. Avis Lindsey or Claude Lindsey

TO FIRST NATIONAL BANK                    50  272  1

You are authorized to recognize any of the signatures below in the payment of funds or the trans-
action of any business for this account. It is agreed that all transactions between you and the under-
signed shall be governed by the contract printed on the reverse side of this card.
The undersigned, joint depositors, hereby agree each with the other and with you that all sums
now on deposit or heretofore or hereafter deposited by either or both of said joint depositors with
you to their credit as such joint depositors with all accumulations thereon, are and shall be owned
by them jointly, with right of survivorship, and be subject to the check or receipt of either of them
or the survivor of them and payment to or on the check of either or the survivor shall be valid
and discharge you from liability.
Each of the undersigned appoints the other attorney, with power to deposit in said joint accounts
moneys of the other and for that purpose to endorse any check, draft, note or other instrument
payable to the order of the other or both said joint depositors.
Payment to or on check of the survivor shall be subject to the laws relating to inheritance and
succession taxes and all rules and regulations made pursuant thereto.
Your rights or authority under this agreement shall not be changed or terminated by us or either
of us except by written notice to you which shall not affect transactions theretofore made.

DATE
☐ MR. (1) SIGNATURE     Mrs. Avis Lindsey
☑ MRS.
☐ MISS
☐ MR. (2) SIGNATURE     Claud Lindsey          Mary Jones
☐ MRS.
☐ MISS

ADDRESS
402 Adams AvenueSW, Camden, AR

DATE
OPENED 10/2/73   INITIAL DEPOSIT $ 450.00   ACCOUNT OPENED BY dj   EMPLOYED BY self-employed

11/71

Less than two months after Claude Lindsey died on October 19, 1974, Avis Lindsey took the appellant, Mary C. Jones, to the bank and added Jones to the account. As can be seen from the above account card, Jones (under Mrs. Lindsey's instructions) placed her signature alongside Claude's earlier signature. Mrs. Lindsey did not re-sign her name to the joint account card, nor does the controlling law or statute provide that she was required to do so. Instead, § 67-552(a) clearly provides that the *opening of the account* is "conclusive evidence in any action or proceeding of the intention of all parties to the account to vest title to the account, and the additions thereto, in such survivor or survivors." When Mrs. Lindsey died, Jones, who had been added to the Lindsey account, became the survivor of the account and accordingly title to the account was vested in her pursuant to § 67-552(a) and the specific survivorship terms contained on the account card.

The majority opinion requires that the person who opens a joint account must sign it each time a person's name is added to the account, and by doing so, the court reads something into § 67-552(a) that simply is not there. In this respect, the court is, unintentionally I am sure, participating in judicial legislation. For this and the other reasons noted above, I would declare the joint account to be the property of the appellant and reverse the trial court's holding to the contrary.

HICKMAN and PURTLE, JJ., join this dissent.