Mr. Tracy L. Steele Executive Director Martin Luther King Jr. Commission 1400 West Capitol Avenue Little Rock, Arkansas 72201
Dear Mr. Steele:
This is in response to your request for an opinion on whether the Martin Luther King Jr. Commission (the "State Commission") may transfer certain funds from a bank account of the Martin Luther King Jr. Holiday Commission (the "Holiday Commission") to a bank account in the name of the State Commission, and close the Holiday Commission's account. You also inquire regarding the agency that should have custody of the funds if the funds may not be transferred to an account in the State Commission's name.
Your request indicates that the Holiday Commission was created by proclamation of the Governor in 1991[1] and that it established a bank checking account in which there has never been any activity other than the deposit described below.
The State Commission was created by Act 1216 of 1993, codified at A.C.A. §§ 25-24-101 to -103 (Supp. 1993). Your request indicates that the State Commission succeeded the Holiday Commission and I assume, therefore, that the Holiday Commission no longer exists.
Your request further indicates that the State Commission received as a donation the amount of $1,550 and that such sum was deposited in the Holiday Commission's bank account for safekeeping, as the State Commission had no account at the time of the donation.
In my opinion, one or more individuals who have signature authority over the Holiday Commission account may transfer the $1,550 to a State Commission account and close the Holiday Commission account.
A deposit made in the name of another does not extinguish the owner's interest in the funds unless a valid gift is completed. See Bennett v.Miles, 212 Ark. 273, 205 S.W.2d 451 (1947); see also 10 Am. Jur. 2dBanks, §§ 390-392 and cases cited therein. Unless there is a gift, the person in whose name the money is deposited is merely a trustee or agent for the owner. See Bennett, 212 Ark. at 276.
The facts stated in your request do not, in my opinion, evidence any intent on the part of the State Commission to make a gift to the Holiday Commission. It is my view therefore that the State Commission continues to be the beneficial owner of the funds and may direct its agent or trustee (i.e., the Holiday Commission), or the agents of such agent or trustee, to make such disposition of the funds as it wishes.
The foregoing makes unnecessary an answer to your second question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Your request actually states that the Holiday Commission was created December 11, 1995. Because of the date stated in your request as the date of the appointment of the initial members of the Holiday Commission (January 9, 1992), I assume that the Holiday Commission was created December 11, 1991.