Eddie Linn SWAFFAR Jr. *v.* W.C. SWAFFAR, Executor

96-751                                        938 S.W.2d 552

Supreme Court of Arkansas
Opinion delivered February 10, 1997

[Petition for rehearing denied March 17, 1997.]

*J.R. Nash*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Richard C. Kalkbrenner* and *Derek J. Edwards*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Eddie Linn Swaffar Jr., appeals the order of the Faulkner County Probate Court approving the final accounting and denying his claim for set-off in the administration of the estate of his father, Eddie Linn Swaffar Sr. Appellee, W.C. Swaffar, is Appellant's uncle and executor of the estate. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(16) (as amended by per curiam July 15, 1996), as this case requires construction of a will. Appellant raises four points for reversal. We find merit to the first point and reverse and remand in part and affirm in part.

## Facts and Procedural History

The decedent, Eddie Linn Swaffar Sr., died testate on April 8, 1989, of cancer after having survived severe burns he incurred in an accident at his welding shop in Conway, Arkansas. The decedent's will named as executor Appellee W.C. Swaffar, the decedent's brother, and placed all property of the estate into a trust for the benefit of the decedent's two sons, Appellant and a minor named Brandon Heath Swaffar.[1] The will provided that the elder son be the guardian of the minor son and that each son would receive an equal share of the trust as follows: Upon reaching age 30, each would receive one-fourth of the trust; at age 35, another one-fourth; and at age 40, the remaining half of the trust. The will also provided that Appellant had the right to live in the decedent's home and "shall maintain said home in good repair and pay rent for the home and shop at $1,200.00 per month payable to the Trust."

This case is marked by much conflict between Appellant and Appellee. The conflict existed almost from the very beginning when Appellee sought to have his brother's will admitted to probate on April 12, 1989. No action was taken thereafter until Sep-

---

[1] There was related litigation in this court concerning a possible pretermitted adopted son, Billy Gracen McKim Swaffar, whom we held was never adopted by the decedent. *Swaffar v. Swaffar*, 309 Ark. 73, 827 S.W.2d 140 (1992).

tember 11, 1989, when Appellant filed a petition to contest the will, to remove Appellee as executor, and to demand an inventory. The conflict continued through the next six years, and there was much activity in the case. To recite all the activity would unduly lengthen this opinion. We do, however, mention some of these actions as they become relevant to our discussion of the merits of this appeal.

In July 1995, Appellee filed a final accounting accompanied by a petition for approval of the final accounting, final distribution, and for discharge as personal representative. Appellant filed objections to the final accounting and asserted a claim of set-off against any alleged debts against the estate. After a hearing on January 5, 1996, the probate court entered an order denying Appellant's objections and claim for set-off and approving the final accounting. This appeal is from that order.

### Certificates of Deposit

Appellant's first point for reversal concerns two certificates of deposit that Appellee listed on a document as items not included in the estate. Appellee admitted that his attorneys helped him prepare this document and that it was filed at some point in the probate proceedings. This document was admitted as Appellant's Exhibit One during the hearing on Appellant's objections to the final accounting and lists one certificate of deposit at First National Bank payable to W.C. Swaffar in the amount of $54,986.40. The document lists the other certificate of deposit as being at First State Bank, payable to Brandon Swaffar or W.C. Swaffar in the amount of $40,180.84. The record does not disclose how or when these certificates of deposit were purchased, although Appellant alleges that they were purchased by Appellee with cash he obtained from the decedent. Of some significance to Appellant is the fact that this document also lists a life insurance policy in the amount of $10,000.00 with Brandon as beneficiary. Also of significance to Appellant is Appellee's testimony that the certificate of deposit in Appellee's name was also in the name "Eddie Lynn Swaffar," but failed to distinguish between the junior Swaffar or the senior Swaffar. Appellant argues these two facts are evidence

that the decedent intended to make equal cash gifts to his two sons somewhere in the range of $50,000.00 each.

Appellant objected to the final accounting on the basis that it did not include these two certificates of deposit as property of the estate. Appellee testified at the January 1996 hearing that the certificates of deposit were held jointly with rights of survivorship in the names of the decedent and himself and Brandon and himself, respectively. As previously mentioned, Appellee admitted that the certificate of deposit bearing his name and the decedent's did not identify "Eddie Linn Swaffar" as either the junior or the senior Swaffar. On the basis of this testimony and other evidence indicating that the decedent was a successful businessman, the probate court ruled that the decedent purchased the certificates of deposit intentionally the way he did and that he would not substitute his judgment for the decedent's. The probate court said, "If he [the decedent] knew that a part of it was going to Brandon, and a part of it was going to his brother, that was his choice. *And absent any proof to the contrary why it should not be, I'm leaving it there.*" (Emphasis supplied.)

On appeal, Appellant contends the probate court's ruling is contrary to the law and evidence presented. Appellant's argument in support of this contention is twofold. First, he argues that it was Appellee's burden to prove that the certificate of deposit bearing Appellee's name was a gift from the decedent to Appellee. In support of this argument, Appellant relies on *McDermott v. McAdams*, 268 Ark. 1031, 598 S.W.2d 427 (Ark. App. 1980). Second, Appellant argues that the proof presented by Appellee did not establish that either certificate of deposit was a joint tenancy and therefore subject to ownership by anyone other than the decedent. In support of this argument, Appellant relies on *Jones v. Robinson*, 297 Ark. 580, 764 S.W.2d 610 (1989).

██ ██ Appellee responds that Appellant's argument is barred because it was not timely raised below and because the record on appeal does not demonstrate error. First, Appellee contends that Appellant is barred from raising this issue now according to Ark. Code Ann. § 28-52-106 (1987) because he did not file an objection to the certificates of deposit until the final accounting.

Appellee implies strongly that the document was filed as part of the initial accounting, and, therefore, Appellant would have had to file an objection within sixty days pursuant to section 28-52-106. The record, however, does not confirm that the document was filed as part of or along with the initial account. Likewise, the record does not confirm that the document was filed with the initial inventory or with any of the annual accountings. In short, the record does not disclose that the document was ever filed. Thus, we are left only with Appellee's testimony that the document listing the certificates of deposit was indeed filed at some point during the probate proceedings. Under such facts and circumstances, we will not apply section 28-52-106 to bar Appellant's objections. Second, Appellee contends that our review is barred because Appellant has not produced a record on appeal that demonstrates error. We agree that the record is insufficient for our review, but, for the reasons discussed below, we do not agree that, on these particular facts and issues, the insufficiency is Appellant's fault.

 ██ We agree with Appellant's assertion that the probate judge's ruling was contrary to the law. The issue in *McDermott* was who bore the burden of proof in probate proceedings when a beneficiary claimed title to property as a gift that the executor claimed belonged to the estate. The *McDermott* court looked to the general law of *inter vivos* gifts and concluded that "the common thread seems to be that whoever claims the gift was made must prove it, regardless who initiated the inquiry." *McDermott*, 268 Ark. at 1040, 598 S.W.2d at 432. In so concluding, the *McDermott* court relied on *Bennett v. Miles*, 212 Ark. 273, 205 S.W.2d 451 (1947), which has facts remarkably similar to the facts of this case and which held that an executor who did not list a certain bank account as part of the estate bore the burden of proving that it had been a gift from the decedent. Like the *McDermott* court, the *Bennett* court looked to the general law on *inter vivos* gifts, which requires that the elements of an *inter vivos* gift be proven by clear and convincing evidence. The elements of an *inter vivos* gift are that the donor be of sound mind, have the clear intent to make a gift beyond recall, have actually delivered the subject matter of the gift to the donee or the donee's agent, and at

the same time have released all future dominion and control over the property delivered. *Bennett*, 212 Ark. 273, 205 S.W.2d 451; *Baugh v. Howze*, 211 Ark. 222, 199 S.W.2d 940 (1947).

■ Consistent with *McDermott* and *Bennett*, we agree with Appellant that it was Appellee's burden to prove by clear and convincing evidence that the certificate of deposit bearing his name was a gift to him. *McDermott*, 268 Ark. 1031, 598 S.W.2d 427. The probate judge stated that he was ruling for Appellee "absent any proof to the contrary[.]" To the extent that the probate court shifted the burden of proof on this issue to Appellant to prove the negative proposition that the certificate of deposit was not a gift, the probate court erred. *See McDermott*, 268 Ark. at 1040, 598 S.W.2d at 432. We must, therefore, reverse and remand this case for further consideration under the appropriate standard of proof.

On remand, we note that the burden of proof on the question of whether the decedent meant to make a gift to his son Eddie Linn Swaffar Jr. is on Appellant. Likewise, the burden of proof on the question of whether the decedent made a gift to Appellee or Brandon lies with Appellee and Brandon respectively.

■ The probate judge's application of an erroneous standard of proof precludes any meaningful review of Appellant's remaining argument that the evidence is insufficient to establish that either of the two certificates of deposit were subject to the ownership of anyone other than the decedent pursuant to *Jones*, 297 Ark. 580, 764 S.W.2d 610. *Jones* held that the "designated in writing" requirement of Ark. Stat Ann. § 67-552 (Repl. 1980) be complied with substantially. Section 67-552, which governs titles to accounts and certificates of deposits held in two or more names, was amended significantly in 1983 and is currently codified as Ark. Code Ann. § 23-52-1005 (1987). As there was no evidence of when these particular certificates of deposit were issued, we cannot determine which version of the statute applies to the facts of this case. Moreover, as neither the certificates of deposit nor any other writing or bank record was admitted into evidence, the record lacks sufficient evidence for the probate judge to have determined who had title to these two certificates of deposit. Because we think the lack of evidence is due to the effect of the probate

court's application of an erroneous standard of proof, we remand for further development as to the facts of ownership of these certificates of deposit.

Appellant also assigns as error the probate judge's decision on unpaid rent to the estate, executor's fees, attorneys' fees, and Appellant's claim for set-off. We affirm these rulings for the following reasons.

### Unpaid Rent on Shop

■ Appellant's second point for reversal concerns the $80,836.40 in accrued and unpaid rent on the decedent's welding shop that was charged against Appellant in the final accounting. Appellant's failure to comply with Ark. Code Ann. § 28-1-116(d) (1987) and file written objections to the 1991 and 1993 orders concerning the rent on the shop bars our review of this issue.

### Executor's and Attorney's Fees

As his third point for reversal, Appellant contends that the trial court erred in approving the $69,884.45 in fees requested by Appellee as executor and by his attorneys, Phil Stratton, who originally represented Appellee but sought retirement during the case, and the firm of Barber, McCaskill, Jones & Hale, which the probate court allowed to be substituted as counsel for Appellee.

■ All fees paid to the Barber Firm were requested by petition and approved by order of the probate court. Appellant did not file written objections to these orders. Therefore, he cannot now appeal them pursuant to section 28-1-116(d). As for the other fees paid to Mr. Stratton and Appellee, Appellant offers no evidence that the fees are unreasonable or contrary to the amounts allowed by statute, Ark. Code Ann. § 28-48-108 (1987). In the absence of any proof that the fees are unreasonable or in violation of the statute, we affirm the probate judge's exercise of discretion in allowing these fees. *See Morris v. Cullipher*, 306 Ark. 646, 816 S.W.2d 878 (1991).

*Set-off*

■ Appellant filed a claim for set-off against any claims due him from the estate for his attorney's fees incurred in the six-year-long history of this estate. Appellant's claim for set-off is based primarily upon his efforts in Pulaski County Circuit Court to obtain the return to the estate of the land valued at $361,500.00. Probate courts do not have jurisdiction to award fees for services rendered to individual beneficiaries. *Paget v. Brogan*, 67 Ark. 522, 55 S.W. 938 (1900). We therefore affirm the probate court's denial of Appellant's claim for set-off.

For the reasons aforementioned, the part of the probate court's order denying Appellant's request to include the two certificates of deposit in the estate is reversed, and the case is remanded for further development of this issue. All remaining parts of the probate court's order are affirmed.