N. MARK KLAPPENBACH, Judge
Jimmy McGuire appeals from the Pulaski County Circuit Court's order of final distribution in the matter of the estate of Elva Jane Deal, deceased. Because his arguments are not preserved for review, we affirm.
Elva Jane Deal died intestate on October 26, 2014. Her great-nephew, Jacob Morris, had served as her guardian before her death and was subsequently appointed administrator of her estate. McGuire, Deal's nephew, was one of her thirteen heirs. In 2013, McGuire was accused of stealing money from Deal, and pursuant to a sentencing order entered in 2015, he was convicted of abuse of an endangered or impaired person and ordered to pay restitution of $100,000 to Deal's estate. The circuit court entered an amended order of final distribution on January 2, 2018. McGuire's distribution from the estate was reduced by the remaining restitution he owed and by attorney's fees and personal-representative fees that the court found to *887 be specifically attributable to his criminal actions.
McGuire first alleges that Morris "seized, collected, or otherwise interfered" with assets totaling $179,733.99 that McGuire claims became his on the date of Deal's death via payable-on-death designations. At the final hearing in this matter, the court ordered McGuire's attorney to identify to the estate's attorney within ten days the payable-on-death instruments or certificates of deposit that McGuire alleged he was entitled to. The order of distribution states that McGuire did not identify the accounts or file any additional pleadings following the hearing, and as such, his claims against the estate were denied. Because the circuit court did not rule on McGuire's claim that these accounts were improperly handled by Morris, this argument is not preserved for our review. McGuire also argues that Morris breached his fiduciary duties in several respects by failing to file proper inventories and accountings. Although McGuire raised some of these issues in his objections to the personal representative's accounting, he failed to obtain rulings from the circuit court. It is an appellant's responsibility to obtain a ruling to preserve an issue for appeal, and the failure to obtain a ruling precludes our review on appeal. TEMCO Constr., LLC v. Gann , 2013 Ark. 202, 427 S.W.3d 651.
McGuire next challenges the circuit court's award of attorney's fees and personal-representative fees. The circuit court made interim attorney's-fee awards of $1500 and $25,000 and awarded $42,672.64 in the final order of distribution. The court awarded the personal representative statutory fees of $16,438.05. The court also ordered that portions of the attorney's-fee award ($14,718) and personal-representative award ($6,575.22) were specifically attributable to work required because of McGuire's criminal actions.
McGuire contends that the presumptive statutory attorney-fee schedule provides for a fee of only $17,145.50, that the circuit court did not make the required findings to support its award, and that the amount attributed to him has no discernible basis in the billing records. With regard to the personal-representative fee, McGuire contends that this award is unreasonable, arbitrary, and without a basis in the record; that the failure to file proper inventories or accountings prevents the calculation of the fee; and that the fee is not warranted due to Morris's breach of fiduciary duties. Morris asserts that these arguments are not preserved. On November 27, 2017, the estate filed an amended motion for attorney's fees and a petition for order of final distribution, which also sought personal-representative fees. McGuire did not file a response to these petitions.[1] Nor did he respond to the estate's proposed order of final distribution filed on December 19, 2017. Consequently, McGuire never raised before the circuit court the arguments he now makes on appeal. Arguments not raised at the circuit court level are not considered on appeal. Roggasch v. Sims , 2016 Ark. App. 44, 481 S.W.3d 440.
Affirmed.
Harrison and Glover, JJ., agree.

McGuire did file an objection to the estate's June 2017 motion for attorney's fees, which resulted in an order awarding $25,000. However, because he did not file a written objection to that order, he cannot now appeal it pursuant to Arkansas Code Annotated section 28-1-116(d) (Repl. 2012). See Swaffar v. Swaffar , 327 Ark. 235, 938 S.W.2d 552 (1997).